## No. 6921.

### JOHN K. JONES VS. TRUSTEES OF THE CONGREGATION OF MOUNT ZION. ·

Defendants, (having been sued in a corporate capacity), after appearing in their corporate name, and filing an exception, and an answer, and plea in reconvention, are estopped from disputing their corporate capacity.

Ministers of the Methodist Church are entitled to recover for their services, as ministers, whatever salary their congregations may have contracted to pay them.

The mechanic who builds a church for a certain congregation, is entitled to the mechanic's lien on the church, and the ground, belonging to the congregation, on which the church is situated, to secure the payment of what is due him for his work.

APPEAL from the Fifteenth Judicial District Court, parish of Assumption. *Beattie*, J.

*Walter Guion* for plaintiff and appellant.

*R. N. Sims* for defendant and appellee.

The opinion of the court was delivered by

SPENCER, J. Plaintiff sues to recover, first, his salary as minister for the years 1873, 1874, 1875, and 1876; second, for his wages as a mechanic in the erection of Mount Zion church, with privilege thereon, and on one acre of ground upon which it is situated; third, to annul as fraudulent and simulated a sale of said church and lot, made by defendants to one Christian.

He alleges that the defendants are a corporate body, duly incorporated under the laws of the State by notarial act. He prays that defendants be cited through its President, Thomas Kennedy, and for judgment for amounts as claimed.

"The trustees and congregation of Mount Zion Church of Napoleonville" appeared by counsel, "solely for the purpose of urging the exception * * * that they have not been cited, &c."

Subsequently defendant withdrew this exception, and filed an answer; first, denying generally plaintiff's allegations; second, that "they, the trustees and members of Mount Zion Church of Napoleonville," are governed by the rules and discipline of the Methodist Episcopal Church; third, they deny that they have ever been incorporated under the laws of the State, but have associated themselves together for the worship of God, according to the faith of said Church; fourth, they deny plaintiff's right of action, and aver that no judgment can be rendered against them; fifth, they admit that they contracted with plaintiff to build the church, but allege that he failed to fulfill his contract—leaving certain work in the interior of said church undone; that they had paid him for the work done and owe him nothing; sixth, they admit plaintiff's services as minister of said church for years 1873 and 1874, but deny that they owe him any money for salary as such; they deny that under the regulations of the Methodist Church he has any action against them therefor; seventh, they allege that plaintiff was treasurer of the church and received and used all the contributions received thereby, from members, fairs, &c.; eighth, they finally accuse him of apostasy, and with leading his flock from the folds of Methodism to Congregationalism, and with breeding strife and contention, and inciting insubordination. Whereby they claim damages to amount of $1000, and pray judgment therefor in reconvention.

On these issues the case was tried. There was judgment for defendant, and plaintiff appeals.

The ground assigned by the judge *a quo* for his decision was that the notarial act of incorporation of the "Trustees and Congregation of Mount Zion Church of Napoleonville" had never been approved by the district attorney, or, on his refusal, by the judge.

We think that after appearing in their corporate name, and excepting to plaintiff's suit, and withdrawing the exception, then answering by a general denial, and a plea in reconvention, defendants are estopped from disputing their corporate character. Litigants can not be permitted "to blow hot and cold" in the same breath. Whilst it may be true that the act of incorporation was and is informal, and whilst the incorporators themselves might not be permitted to claim and exercise for their own advantage or emolument corporate powers, it does not follow

that they may not, by their acts and dealings, as well as by their pleadings, estop themselves from taking advantage, for their own profit, of defects in their charter.

The evidence in this case satisfies us that the " Trustees and Congregation" of said Church contracted with the plaintiff to build their church, and to serve them as ·a minister therein. We are satisfied that he built the church with his own labor, and acted as the pastor for the time claimed, and that, except as stated by him, he has not been paid therefor. The Church is composed of colored persons, and the attempts of some of the witnesses to explain the deviations of the pastor from the true Methodist faith are more amusing than lucid. The gravamen of their charge is, that he read to them out of a " new book"—without, however, being able to state even the name of that book, or any points of doctrine it contained.

It is further urged, however, that the plaintiff can not recover his salary, because of the following rule of the discipline of the M. E. Church:

"Effective men who have not been able to obtain their allowance from the people among whom they have labored may present a claim to the conference, to be paid out of the money at the disposal of the conference, and such claims may be paid, or any part thereof, as the conference may determine. IN NO CASE, *however, shall the Church or conference be holden accountable for any deficiency as in case of debt.*"

We are at a loss to see how that provision prevents a Methodist minister from suing those who have contracted to pay him for his services. It only directs that when ministers have been unable to obtain their allowance from their congregations, they may present a claim therefor to the conference, but it shall not be taken or construed to be a debt of the Church or conference. In other words, the allowance may be asked as a boon, but not demanded as a right from the Church at large.

We would be very loth, upon principles of natural justice and equity, to allow so unmeritorious a defense to deprive a man not only of compensation for his services in a most useful and honorable profession, but also of the fruits of his toil and labor as a mechanic. Those who rely upon technicalities to defeat undeniable and just demands, should be careful to bring themselves within technical rules. The defendants have failed to do this, and in casting " a drag-net," they must not be surprised if they occasionally catch more than was intended. They have not commended themselves or their case to favorable consideration by the course pursued. Their attempt to put the church property out of reach of plaintiff's just demands for building it, by making a fraudulent and simulated sale thereof to one of their own trustees—a

transaction so transparent that on trial their counsel admitted it to be a pure simulation—would indicate a broader apostasy from the true faith of their Church than they have been able to fix on plaintiff himself. The judgment appealed from is erroneous, and must be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed. And it is now ordered and decreed that the plaintiff, John K. Jones, do have and recover of the Trustees and Congregation of Mount Zion Church of Napoleonville the sum of one thousand and thirteen dollars and fifty-five cents, with legal interest from judicial demand. It is further decreed that the mechanic's lien claimed by plaintiff, upon the church building and one acre of land on which said building is situated, described in plaintiff's petition, be recognized and made executory to pay and satisfy four hundred dollars principal of the amount above adjudged to plaintiff, with the interest thereon as above stated, and that said building and lot be sold to pay by preference the amount of said lien, to wit: $400 with interest as stated. It is further decreed that the notarial act of date July 15, 1876, whereby said trustees and congregation pretend to have sold to Archy Christian said church and lot of ground, be and the same is declared fraudulent, simulated, and void. It is further decreed that defendants pay costs of both courts.