## ANDIS v. DAVIS.

MECHANIC'S LIEN.—*Defence.*—*Pleading.*—*Payment.*—*Fraud.*—In an action by a mechanic, to enforce a lien for the value of labor performed by him for the contractor in the erection of a building for the defendant, the latter answered, alleging, that, at the time the notice of such intended lien was filed, the contractor was solvent, and the plaintiff could have collected his claim of him, and that afterward the plaintiff had assisted the contractor to dispose of his property subject to execution, with intent to defraud the defendant, well knowing, that, prior to the recording of such notice, the defendant had paid the contractor in full.

*Held*, on demurrer, that the plaintiff's right to a lien is statutory, and that the answer is insufficient.

From the Hancock Circuit Court.

*D. S. Gooding*, for appellant.

*C. G. Offutt*, for appellee.

HOWK, C. J.—In this action the appellee, as plaintiff, sued the appellant, as defendant, to enforce an alleged

mechanic's lien on certain real estate, particularly described, in Hancock county.

In his complaint, the appellee alleged, in substance, that, in the winter of 1875, the appellant contracted with and employed one William Morford to build for him, the appellant, a frame dwelling-house, one and one-half stories high, on certain real estate, described in said complaint, in said county, in consideration of which the appellant promised to pay said Morford the sum of ——— dollars; that the appellee contracted with said Morford to work on the appellant's said house, at two dollars and fifty cents per day; that, in pursuance of said contract, the appellee worked on the appellant's said house for forty days, amounting to the sum of one hundred dollars, beginning on December 8th, 1875, and ending on January 31st, 1876; that within sixty days after the completion of said work the appellee filed notice, that he intended to hold a mechanic's lien on said house and on said real estate on which said house was located, with the recorder of said Hancock county, on the 27th day of March, 1876, which lien was recorded in the record book for recording mechanic's liens, in the office of said recorder, setting out a copy of said notice of lien; and that said sum of one hundred dollars was due and wholly unpaid. Wherefore the appellee asked that said sum might be declared a lien on said real estate and dwelling-house, and for an order and decree of said court, that so much of said premises be sold as would satisfy the appellee's claim, and for other proper relief.

To this complaint the appellant demurred, for the want of sufficient facts therein to constitute a cause of action, which demurrer was overruled, and to this decision he excepted.

The appellant then answered in five paragraphs, to the fourth of which paragraphs the appellee demurred, for the alleged insufficiency of the facts therein to constitute a defence to his action, which demurrer was sustained by the court, and to this ruling the appellant excepted.

The appellee replied, by a general denial, to the other affirmative paragraphs of the appellant's answer.

The issues joined were tried by the court without a jury, and a finding made for the appellee, that the matters alleged in his complaint were true, and the court rendered judgment accordingly. The appellant's motion for a new trial was overruled, and to this ruling he excepted and appealed to this court.

The appellant has properly assigned, as errors, the following decisions of the court below :

1. In overruling his demurrer to appellee's complaint;

2. In sustaining the demurrer to the fourth paragraph of his answer ;

3. In overruling his motion for a new trial.

In his argument of this cause in this court, the appellant's counsel has failed to point out any objection to the appellee's complaint. The first alleged error, even if it existed, we, therefore regard as waived.

It is insisted by appellant's counsel that the circuit court erred in sustaining the appellee's demurrer to the fourth paragraph of the appellant's answer. In this paragraph it was alleged, in substance, that, at the time of the filing of said notice of lien, in said recorder's office, the appellee's claim could have been collected by law from said Morford, but that the appellee conspired with said Morford, and, in pursuance of said conspiracy, aided him to dispose of his property, out of which said debt could have been made, for the purpose of cheating and defrauding the appellant, and causing him to pay said claim, well knowing that the appellant had, before the filing of said notice, fully paid said Morford for all the work done or to be done to said house.

It is very clear, we think, that the facts alleged in this fourth paragraph of answer were not sufficient to constitute a defence to appellee's action. By his compliance with the

requirements of the statute, the appellee had acquired a valid lien upon the appellant's house and real estate, for the amount due the appellee for work done by him in the erection of said house. It is well settled by the decisions of this court, that the appellee's lien was not defeated by the alleged payment, by the appellant to Morford, of the full amount due or to become due to him on account of the erection of said house. *Colter* v. *Frese*, 45 Ind. 96, and *Crawford* v. *Crockett*, 55 Ind. 220. If the appellee's lien on the appellant's house and real estate had been only subsidiary to his personal claim against Morford—if, in other words, the appellee could not have sued, in the first instance, to enforce his lien, and not until he had exhausted his personal claim against Morford—then, perhaps, the matters alleged in the fourth paragraph, if properly pleaded, would have constituted a good defence to the appellee's action. But the lien acquired by the appellee, on the appellant's house and real estate, for the amount due him from Morford, was independent of his personal claim against the latter, and could be enforced in the first instance, even if the claim could have been collected by law from Morford. It follows, therefore, that, if the appellee aided Morford to dispose of his property, as alleged, such fact would not constitute any defence for the appellant, in this action. In our opinion, the circuit court did not err in sustaining the appellee's demurrer to the fourth paragraph of the answer.

No allusion is made by the appellant's attorney, in his brief of this cause, to the alleged error of the court below in overruling the motion for a new trial. Under the well settled practice of this court, we conclude that this alleged error is waived by the appellant. Besides, the evidence is not in the record; and, in the absence of the evidence, we must presume that the motion for a new trial, in this case, was correctly overruled.

The judgment is affirmed, at the appellant's costs.