Filed Oct. 28, 1885.

---

No. 12,053.

## GORTEMILLER *v.* ROSENGARN ET AL.

MECHANIC'S LIEN.—*Religious Society.*—*Contract.*—*Foreclosure.*—*Complaint.*— A complaint against the trustees of a religious society to foreclose a mechanic's lien for work and labor done and materials furnished, which charges that the services performed by the plaintiff were rendered under the order and at the request of the society assembled as a congregation, with the knowledge and implied consent of the defendants, is sufficient to create an obligation upon the society as an organization, and, therefore, sufficient against its trustees.

SAME.—*Knowledge of Contractor that Society Relies on Voluntary Contributions to Pay for Improvement.*—A majority of the members of a religious society, including its trustees, believing that the necessary funds could be raised by voluntary contributions, voted to have improvements made to its church building, and appointed a committee to make a contract for and superintend the work; G., with knowledge that voluntary contributions were relied on to pay for the same, undertook to do the work for a certain sum, relying upon obtaining his pay through the agency of the society. No other arrangement was made for paying G. for his services.

*Held*, that G., having performed the work, became entitled to enforce a lien upon the building.

From the Ripley Circuit Court.

*S. M. Jones*, for appellant.

*J. G. Berkshire* and *J. L. Benham*, for appellees.

NIBLACK, J.—The complaint in this case charged that the German Evangelist Lutheran St. Paul's Church, a religious society, located at Olean in Ripley county, in this State, had, in March, 1883, a membership comprising about one hundred and fifty persons; that during that month the members of that religious society, when assembled as a congregation, resolved by a majority vote that a cupola and other improvements should be placed upon, and certain repairs made, to the church edifice in which they were accustomed to worship; that the trustees of said society, to wit, George Rosengarn, Frederick Steyer, Herman Fisse, Montz Lommatzoch and Ernest Hunger, were present when the congregation voted to have said improvements and repairs made; that the congregation thereupon appointed a committee to contract for and superintend the making of such improvements and repairs; that the said Herman Fisse was made a member of that committee and all the other committeemen were members of the congregation which appointed them; that the committee contracted with the plaintiff to make such improvements and repairs and agreed to pay him $200 for making the same, to be paid as soon as the work was completed; that the plaintiff made the improvements and repairs in question according to the terms of his contract with the committee, a bill of the particulars of which was filed with the complaint, and completed the same on the 28th day of April, 1883; that, on the 8th day of May, 1883, the plaintiff filed in the recorder's office of Ripley county, a motion in writing of his intention to hold a lien upon the church edifice, for said sum of $200, which remained due and unpaid, for the work and labor performed and materials furnished in making the improvements and repairs above stated upon the same; that said notice of lien, a copy of which was also filed with the complaint, was duly recorded in the proper record book of said recorder's office on the day on which it was so filed. The trustees were made defendants to the action, and a judg-

ment for $225 and a foreclosure of the alleged lien were demanded.

A demurrer to the complaint being first overruled, the defendants answered in three paragraphs :

*First.* That at a meeting of the congregation in February, 1883, it was agreed that the improvements and repairs described in the complaint might be made if the same should be paid for by voluntary contribution, but it was then and there further agreed and understood that neither the society nor its trustees should be responsible for the expense which might thereby accrue ; that all that was asked by such trustees was that permission to do so might be given to such members as might desire to make the proposed improvements and repairs at their own expense, of all which the plaintiff had notice when he entered into the contract for such improvements and repairs, he being a member of the congregation at the time permission was given to have the work done, and also a member of the committee on improvements and repairs when it was first appointed ; that the committee accepted the plaintiff's proposition to do the work desired on the church edifice, upon the condition that it should have one year in which to raise the money necessary to pay for such work and in which to pay for it; that the plaintiff ought, therefore, to look to the committee, and not to the defendants, as trustees for the congregation, for his compensation.

*Secondly.* In general denial.

*Thirdly.* Payment.

The circuit court held the first paragraph of the answer to be sufficient upon demurrer, and the plaintiff replied to the first and third paragraphs :

*First.* In denial.

*Secondly.* Special matter in avoidance.

A demurrer was sustained to the second paragraph of the reply, and a jury returned a general verdict in favor of the plaintiff for $167.50, with answers to some special interrogatories. The circuit court held that these answers to inter-

rogatories were inconsistent with the general verdict, and rendered judgment upon such answers for the defendants.

Complaint is made of the decision of the circuit court in overruling the demurrer to the first paragraph of the answer, and of some subsequent decisions adverse to the plaintiff. Cross error is assigned upon the overruling of the demurrer to the complaint.

The complaint charged, in effect, that the services performed by the appellee were rendered under the order, and at the request, of the society assembled as a congregation, with the knowledge and implied consent of the defendants as its trustees. This was enough to create an implied obligation upon the society as an organization, and hence sufficient as against its trustees.

The first paragraph of the answer was evidently designed to be what is usually denominated an answer in confession and avoidance of the plaintiff's demand. It inferentially admitted that the services charged for by the plaintiff had been performed by the leave and consent of the society; that the trustees participated in asking permission of the society that the proposed improvements and repairs might be made upon certain conditions; that the amount demanded had never been paid, and that a notice of the plaintiff's intention to hold a lien for his services had been filed and recorded as averred in the complaint. In avoidance, however, it was alleged that the permission that the improvements and repairs might be made was given by the congregation upon the condition that they were to be paid for by voluntary contributions from such members as might be inclined to contribute for that purpose, and not otherwise, and that one year's time was allowed to the building committee in which to raise money in that way and make payment for such improvements and repairs.

As regards the matters set up in avoidance, it may be noted that there was no averment that anything had been paid by voluntary contribution, or that any one had bound himself

to pay any sum of money in that way, or had become individually responsible to the plaintiff for the services he had performed. Neither was it averred that a year had not expired from the time of the letting of the contract to the plaintiff, when this action was commenced. The fair interpretation of the entire transaction, as charged in the complaint, and as described by the admissions and averments of the paragraph of answer under consideration, appears to us to have been that a majority of the congregation, including its trustees, believing and trusting that the necessary funds could be raised by voluntary contribution, voted to have certain improvements and repairs made to its church edifice, and appointed a committee to make a contract for and superintend the work, and that the plaintiff, with knowledge that voluntary contributions were relied upon to pay for the same, undertook to make the desired improvements and repairs, relying upon his chances of obtaining his stipulated compensation in some way through the agency of the society which owned the building ; that as the work done by the plaintiff resulted to the advantage of the society exclusively, and as no other binding arrangement was made for his compensation, the plaintiff became entitled to retain and enforce a lien upon the building upon which the improvements and repairs were made. Any other interpretation would leave the plaintiff without any remedy, and render so much of the contract as related to his compensation meaningless and inoperative, since voluntary contributions can not be enforced by law.

Our conclusion is that the circuit court erred in overruling the demurrer to the first paragraph of the answer, and that for that error the judgment ought to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed Oct. 27, 1885.