Filed March 12, 1890.

No. 14,044.

## VANSICKLE v. FURGESON.

WAGES.—*Payment of.—Part Compensation.—Invalid Agreement.*—Where services are rendered for a stipulated compensation, and it is agreed that part of the wages shall be applied to the payment of a claim against the employee's father, the amount so to be applied not being agreed upon, the employee is entitled to payment of the entire sum in money.

SAME.—*Money Payment.*—Payment must be made in money, where there is no valid agreement to the contrary.

From the Marion Superior Court.

*G. W. Spahr,* for appellant.

*H. Dailey,* for appellee.

ELLIOTT, J.—The appellee was employed by the appellant at a stipulated compensation, and under the employ-

ment he rendered services to the appellant. In the contract under which the services were rendered it was agreed that part of the wages of the appellee should be applied to the payment of a claim against the appellee's father, but there was no agreement as to how much should be so applied. The dispute between the parties is as to the amount which should be applied to the payment of that claim.

It is the law that where one renders services at the request of another, the implication is that payment shall be made in money. It requires no express agreement to pay in money to entitle the claimant to money, for payment can not be made in anything else except money, unless it is so agreed between the contracting parties. *Hancock* v. *Yaden*, 121 Ind. 366. It was, therefore, incumbent upon the appellant to make good his claim that he had a right to pay the wages of the appellee by crediting the amount on the claim against the latter's father. This he did not do, because the evidence does not show the amount that was to be credited on the claim, and it was, therefore, the right of the appellee to elect how much, if anything, should be so credited. It is, perhaps, unfortunate that a contract so vague and indefinite was made; but that evil the courts can not remedy, for they must leave the parties to make their own contracts. All that the courts can do is to apply the law to the contract as it is made by the parties, and, in this instance, the result is that the plaintiff is entitled to payment in money, for the law declares that payment shall be made in money, unless there is an enforceable contract providing for payment in something of value other than money. Either this conclusion must result, or the courts must arbitrarily declare, and that, too, without the slightest rule or guide, that a designated amount shall be paid on the claim against the appellee's father. The appellant certainly can not make the apportionment, for there is nothing in the contract authorizing him to do so; the courts can not make it, because neither measure nor standard is furnished by the agreement. The

appellant can not have the benefit of the appellee's services without compensation, because he neglected to provide how much should be paid otherwise than in money; and if the appellee is entitled to compensation he is entitled to it as the law provides.

There is here no enforceable stipulation concerning the medium of payment, and it must result that the compensation shall be paid in money, since, as we have seen, payment must be made in money where there is no agreement to the contrary. A non-enforceable stipulation is the same thing practically as no stipulation at all, and the law enters and determines the mode of payment where there is nothing more than a stipulation regarding payment which is utterly incapable of enforcement.

Judgment affirmed.

Filed March 12, 1890.