## CASEY *v.* LUKEN.

[No. 6,471.  Filed May 21, 1909.]

1. CONTRACTS.—*Statute of Frauds.—Real Estate.—Imperfect Description.—Evidence.*—A contract for the sale of real estate which contains such a description thereof as, aided by extrinsic evidence, is sufficient to enable one to identify the land, is not within the statute of frauds. p. 683.

2. CONTRACTS.—*Sales of Real Estate.—Description.—Statute of Frauds.*—A contract by which defendant agreed to pay to plaintiff $300 for a quitclaim deed to "the Casey farm, to be sold on a *vendi* sale April 22, 1905, at Knox," is within the statute of frauds, there being no description of the land. p. 683.

From Starke Circuit Court; *J. C. Nye,* Judge.

Action by Mary E. Casey against William Luken. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*William J. Reed,* for appellant.

*H. R. Robbins,* for appellee.

WATSON, C. J.—This action was brought by appellant against appellee to enforce the collection of $300, upon a written contract, which is as follows:

''This contract witnesseth that in the event the Casey farm, to be sold on a *vendi* sale April 22, 1905, at Knox,

shall be bid in or sold at such sale to William Luken or any person in his behalf, that said Luken will pay to W. J. Reed for Mrs. Mary E. Casey, widow of William Casey, deceased, $300 for a quitclaim deed for her interest therein.''

The court sustained the demurrer to the amended complaint, and, the appellant refusing to plead further, judgment was rendered in favor of appellee.

The question here involved is whether the contract sufficiently describes the real estate, or, in fact, describes any real estate so as to be enforcible under the statute of frauds. It is true, as appellant contends, that, where the description of real estate is indefinite, such real estate may be identified by extrinsic evidence, and in such a case the contract would not be void for uncertainty; but this rule does not apply where there is a total absence of description. It means descriptions which are legal in themselves, but which, in the absence of parol testimony, might be applied to some other or different real estate than that intended to be described. In the case of *Lowe* v. *Harris* (1893), 112 N. C. 472, 17 S. E. 539, 22 L. R. A. 379, the court said: ''The question is whether the word 'description' is to be taken in its ordinary and legal signification—that is, a description which has a legal susceptibility of being aided by testimony so as to identify the land—or whether it means a description which in law is no description whatever and is sometimes called an 'insufficient description,' I am unable to conceive of any principle upon which the latter proposition can be supported.''

It will be seen by examination of this contract that it is wholly lacking of any description whatever. It does not even designate the county or state wherein this farm is located. It is well settled under the authorities that a contract for the purchase or sale of real estate must describe the same, or at least must describe the land with such certainty that the property may be identified. *Baldwin* v. *Kerlin* (1874), 46 Ind. 426; *Miller* v. *Campbell*

(1875), 52 Ind. 125; *Gigos* v. *Cochran* (1876), 54 Ind. 593; *Newman* v. *Perrill* (1880), 73 Ind. 153; *Pulse* v. *Miller* (1881), 81 Ind. 190. The court, in the case of *Pulse* v. *Miller, supra,* in passing upon a contract wherein the description of the real estate was held to be insufficient in the agreement and therefore within the statute of frauds, said: ''A contract for the conveyance of lands must describe the property upon which it is intended to operate. If there is no description of the land, the statute prohibits the enforcement of the agreement.'' The court did not err in sustaining the demurrer to the amended complaint.

Judgment affirmed.