## JOHNSON ET AL. v. SPENCER.

[No. 7,453.    Filed January 3, 1912.]

1. MECHANICS' LIENS.—*Paperhangers.*—A paperhanger has a right to a mechanic's lien for work in hanging paper.    p. 167.

2. MECHANICS' LIENS. — *Subcontractors. — Laborers.*—A laborer, working by the day is not a subcontractor, and is therefore not bound to accept payment as provided in the principal contract. p. 167.

3. MECHANICS' LIENS.—*Payment.—Waiver of Lien.—Answer.*—In a suit by a paperhanger to enforce a mechanic's lien for his services, an answer alleging that his contractor was indebted to the owner of the house, that such contractor agreed to pay such debt in part by crediting the amount of plaintiff's work thereon, that the plaintiff knew thereof and performed such work knowing that the defendant owner was not to pay therefor, is insufficient. pp. 168, 170, 171.

4. MECHANICS' LIENS.—*Remedies.*—A laborer may enforce a mechanic's lien for the value of his services, though he has taken a personal obligation from another for the payment of the debt on which the lien is founded, though his contractor has given a bond secured by others to secure the owner against such lien, or though such contractor has received payment for such work. p. 168.

5. MECHANICS' LIENS.—*Enforcement.*—In the absence of a waiver, or an estoppel, a laborer can enforce his claims for services by a money judgment unless he has expressly agreed to accept payment in something else.    p. 169.

6. WAIVER.—*What is.*—A waiver is the voluntary relinquishment of a known right; and it may be shown by contract, by some affirmative act, or by inference from conduct.    pp. 170, 171.

7. ESTOPPEL.—*Misrepresentation.—Injury.*—To create an estoppel there must be some misrepresentation, or concealment, causing the plaintiff to act to his injury.    pp. 170, 171.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Suit by·Raleigh L. Spencer against James Johnson and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Foster Davis,* for appellants.
*Guy ·Watermire* and *John B. McIntyre,* for appellee.

FELT, C. J.—This is a suit by appellee against appellants to foreclose a mechanic's lien against the property of appellant Johnson, and for personal judgment against appellant Thomas.

Judgment for appellee as prayed, from which this appeal was taken.

The assignment is that the court erred in sustaining a demurrer for want of facts to the second paragraph of the answer of appellant Johnson.

This answer avers, in substance, that appellant Johnson employed his coappellant Thomas to paper the walls of a certain building owned by him; that payment for said papering was to be made by giving to said Thomas credit on an account owing by him to his coappellant Johnson; that appellee knew of the terms of said contract at and before the time he performed the work for which he seeks to enforce a lien, and had been employed by said Thomas for two years prior thereto; that he did the work at the direction of appellant Thomas, and knew the latter was to receive no money for the job, but was to be paid as aforesaid.

1. Appellee, as a laborer, comes within the terms of the statute (§8295 Burns 1908, Acts 1899 p. 569) providing for mechanic's liens.

2. It has been held that one "who in strictness occupies the position of a subcontractor is bound to accept payment as provided in the principal contract." *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co.* (1891), 127 Ind. 250-257, 11 L. R. A. 740.

A laborer, working by the day, is not a subcontractor within the meaning of our lien law. *Farmers Loan, etc., Co.*

v. *Canada, etc., R. Co., supra;* 5 Words and Phrases, 3964; Boisot, Mechanics' Liens §239.

The question presented for our decision is, Does the answer aver facts sufficient to bar appellee's right,

3. as a laborer, to a lien upon the property of appellee Johnson?

If the answer can be held good, it is because it avers that appellee had knowledge of the fact that his employer was indebted to the owner of the property, and had agreed to allow a credit on his indebtedness in payment for the material and labor necessary to carry out the contract. In other words, he knew that his employer had been paid in full, in advance of the performance of the work, and that the owner of the real estate was to pay no cash for the work.

It has been held in Indiana that our statute gives a lien to those who come within its provisions and comply with its terms; that the right to a lien does not depend upon any contractual relation of the lienor with the owner of the property. This, of course, does not mean that a mere interloper can acquire a lien, but the statute is satisfied in this respect when the labor is done or material furnished in furtherance of an improvement authorized by the owner of the property. *Clark* v. *Huey* (1895), 12 Ind. App. 224, 233; *Stephens* v. *Duffy* (1908), 41 Ind. App. 385; *Beach* v. *Huntsman* (1908), 42 Ind. App. 205.

The right to a lien is in addition to the personal obligation created by contract, and may be enforced in the first instance, notwithstanding the holder of the lien has

4. also taken a personal obligation from another for the payment of the debt for which the lien is taken.

*Thompson* v. *Shepard* (1882), 85 Ind. 352, 356; *Andis* v. *Davis* (1878), 63 Ind. 17, 19; *Barker* v. *Buell* (1871), 35 Ind. 297.

A materialman or a laborer who is not a party to the contract or bond may file and enforce a mechanic's lien, notwithstanding the contractor agreed to secure the owner

against such liens, and gave bond to secure the fulfillment of his contract. *Carter* v. *Martin* (1899), 22 Ind. App. 445.

Where a society authorized a person to make improvements on its real estate, and he undertook the work knowing that the society depended upon voluntary contributions of its members to provide the necessary funds, that no money was at hand to pay for the improvement, and that no member of the society had made himself individually responsible for the cost of the improvements, it was held that a mechanic's lien could be enforced against the property for the payment of the improvements so made. *Gortemiller* v. *Rosengarn* (1885), 103 Ind. 414, 417.

The lien of a laborer or materialman is not defeated by the payment in advance to the contractor of the full amount due to him. *Colter* v. *Frese* (1873), 45 Ind. 96; *Andis* v. *Davis, supra.*

Where a party has not expressly agreed to accept payment in something other than money, he may enforce his just claim by a money judgment, unless he has in some way estopped himself or legally waived his right to demand payment in money. *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co., supra; Vansickle* v. *Furgeson* (1890), 122 Ind. 450.

The right to a lien may be waived or the party asserting it may be estopped to enforce it.

In the case of *Clark* v. *Huey, supra,* on page 239, this court said: "When the work is done on the building for the contractor of the materials furnished to him to be used in that particular building, and they are so used, the laborer or materialman is entitled to a lien upon filing the proper notice at the proper time, subject to his power to waive the lien by contract, or to estop himself from asserting it by acts which would create an estoppel in any other case; but simply furnishing the goods or doing the work on the order and credit of the contract or without any present intention of creating a lien is not a waiver nor an estoppel."

That appellee was employed by appellant Johnson continuously for two years prior to the time he worked upon this job, and knew the terms of the contract as to 3. payment, is not sufficient to show that he waived his right to a lien. His former employment tends to weaken rather than strengthen the answer, for the presumption is, that as a laborer he was paid in cash.

A waiver is the voluntary and intentional relinquishment of a known right. It may be shown by the express contract or other affirmative act of the party charged therewith, or it may be inferred from such conduct as warrants the conclusion that a waiver was intended. *Shedd* v. *American Credit, etc., Co.* (1911), 48 Ind. App. 23; *Bucklen* v. *Johnson* (1898), 19 Ind. App. 406, 419; *Supreme Tribe, etc.,* v. *Hall* (1900), 24 Ind. App. 316, 324, 79 Am. St. 262; 29 Am. and Eng. Ency. Law (2d ed.) 1091, *et seq.*

In this case there is nothing to show affirmatively an intention to waive the statutory right to a lien. Nor can it be said that appellee's mere knowledge of the contract between his employer and the owner of the property is sufficient to warrant the inference that he intended to waive his right to a lien.

Appellant Johnson also asserts that the answer is good as a plea of estoppel. To constitute an estoppel it is essential that the representation or concealment relied upon 7. must be made with the intention that the other party shall act or rely thereon. Another essential element is that the party relying upon the estoppel must have been in some way induced by the representation or concealment, to do, or fail to do, something to his injury, which act or failure to act would not have occurred but for the conduct of the party against whom the estoppel is charged.

No act, silence or concealment on the part of appellee is shown to have induced appellant Johnson to enter into the contract, but, on the contrary, the only possible inference

from the facts averred is that he voluntarily entered
3. into it for his own benefit, without the knowledge
of appellee. The fact that appellee afterwards
learned of the contract, and knew of its terms when he did
the work, had nothing to do with the making of the
contract.

On the facts averred in the answer, if the owner of the
property suffered any loss it cannot be charged either
directly or indirectly to appellee. The answer is clearly in-
sufficient as an estoppel. *Steele* v. *Michigan Buggy Co.*
(1912), 50 Ind. App. —, 95 N. E. 435.

While we have discussed the answer from the stand-point
of an estoppel, we may say that it is more properly an
attempt to plead a waiver. The distinction between an
estoppel and waiver is not always apparent, and the terms
are sometimes used interchangeably.

The term waiver generally implies an intention on the
part of a person possessing some right under a contract, or
the law, to relinquish it for the benefit of another.
6. Waiver is ordinarily personal, and in the absence of
some special agreement or consideration its existence
is to be determined solely from the conduct of the party
making it, and independently of the acts of any other party
affected by it. In estoppel this distinctly personal element
is not essential, nor is the intention to relinquish a right,
necessarily present. An estoppel *in pais* arises when by
the fault of one person another has been induced,
7. ignorantly or innocently, to change his position for
the worse. Its existence is determined by the acts,
knowledge and conduct of both parties. 29 Am. and Eng.
Ency. Law (2d ed.) 1092, *et seq.; Greensburgh, etc., Turn-
pike Co.* v. *Sidener* (1872), 40 Ind. 424; *Dakin* v. *Ander-
son* (1862), 18 Ind. 52, 54.

The answer is insufficient, and the court did not err in
sustaining a demurer thereto.

Judgment affirmed.