JOSEPH JOHNSON and GEORGE W. JOHNSON, Copartners, Doing Business under the Firm Name of JOSEPH JOHNSON's SONS, Respondents, v. OCEAN VIEW CEMETERY, Appellant, Impleaded with OCEAN VIEW ASSOCIATES, INC., and Others, Defendants.

Second Department, November 25, 1921.

Cemeteries — action to foreclose mechanic's lien for unpaid balance under contract to improve vacant lands of cemetery corporation — parties — failure to take objection by demurrer or answer precludes consideration on appeal of failure to make Attorney-General party defendant — notice of lien describing property to be sold held to include land on which work was done and materials furnished — constitutional law — amendment by Laws of 1918, chap. 404 to Real Property Law, § 450, allowing sale of unused cemetery lands is constitutional — Lien Law applies to cemeteries — unsold and vacant lands to be sold first.

In an action to foreclose a mechanic's lien for work performed and materials furnished under a contract to improve a certain vacant section of the lands of the defendant, a cemetery corporation, the defendant admitted the averment that the work was performed and labor furnished with its knowledge and consent, and on appeal raised the points (1) that the Attorney-General should have been made a party defendant; (2) that the particular land to be sold is not the identical land on which the plaintiffs furnished material; (3) that the amendment made by chapter 404 of the Laws of 1918 to section 450 of the Real Property Law, allowing sale of unused cemetery lands, is unconstitutional, and (4) that Lien Law does not apply to cemeteries.

*Held,* that the objection that the Attorney-General is not a party, not having been taken by demurrer or answer and apparently not raised at the trial, cannot be raised on appeal;

That the notice of the lien describes the property to be charged therewith as being the identical land on which the plaintiffs worked and on which they furnished materials, and is sufficient;

That the amendment to section 450 of the Real Property Law, subjecting to judicial sale land in which there are no graves, and from which no lots have been sold to individuals, is constitutional, since if cemetery holdings of such vacant lands were beyond the reach of judicial process, great injustice might follow towards mechanics and laborers whose compensation would thus be unprotected;

That the Lien Law clearly applies to a cemetery, and the amendment of the Real Property Law permitting a sale of cemetery lands not yet occupied, to satisfy a judgment, recognizes that such unused lands, like other real estate, are not entitled to be exempted from legal process.

The area subject to the lien enforcement is restricted, consistent with the equity principle of the inverse order of alienation, so that the lienor must resort first to the cemetery's unsold and vacant lands.

APPEAL by the defendant, Ocean View Cemetery, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Richmond on the 28th day of June, 1920, upon the decision of the court, rendered after a trial at the Richmond Special Term, adjudging as due to the plaintiffs from said defendant $5,163.58, and establishing their lien therefor, with an order of sale against a certain part of defendant's cemetery land in satisfaction, and providing further that should such sale not realize enough to satisfy the judgment, the plaintiffs might apply for further relief at the foot of the decree.

To give this cemetery enterprise greater publicity and to market burial lots, a corporation was formed called the Ocean View Associates, Inc., which contracted to buy the central portion, then practically cleared. This consisted of eighty acres known as section B. They entered into a contract with plaintiffs to construct Ocean View drive, a macadam road 20 feet wide extending 1,950 feet; also narrower roads (Pine road and Hemlock road), which drives radiated easterly from this central driveway. They also undertook other work, including excavating and paving the front plaza. This contract executed by the Ocean View Associates was also signed in approval by appellant's president.

It is not disputed that plaintiffs carried out this contract and built the roadways and performed all the terms of the agreement, including considerable additional work. In the meantime the Ocean View Associates terminated their agreement with the appellant corporation, so that this section B, thus improved, came back to the possession of the Ocean View Cemetery Company. This cemetery had also built a large structure of masonry near the Amboy road front as a community mausoleum; but aside from that, the cemetery lands southwest of this Ocean View drive had been but little occupied.

On September 4, 1915, plaintiffs filed notice of a mechanic's lien against this cemetery company for the unpaid balance under their contract of $6,663.58, which lien on August 28, 1916, was extended for one year. On August 17, 1917, plaintiffs proceeded to foreclose this lien, naming as defendants the cemetery company and other incumbrancers.

The answer of appellant admitted the averment that the work was performed and labor furnished with the knowledge and consent of the Ocean View Cemetery, and was done and furnished in the improvement and embellishment of the said property belonging to the Ocean View Cemetery.

It came to trial at Special Term upon the defense of the cemetery company and answers by the Ocean View Associates, Inc., and other defendants. The court rendered a decree, and enforced it against the unoccupied and unsold part of section B, by setting off about nine acres at the southwest corner of this section by metes and bounds. Only the Ocean View Cemetery has appealed.

Upon this appeal four points are raised: 1. That the amendment made by chapter 404 of the Laws of 1918 to the Real Property Law, section 450, allowing sale of unused cemetery lands, is unconstitutional. 2. That the Mechanics' Lien Law does not apply to cemeteries. 3. That this particular land to be sold is not the identical land on which plaintiffs worked and on which they furnished material. 4. That the Attorney-General should have been made party defendant.

*James D. Andrews,* for the appellant.

*William D. Gaillard,* for the respondents.

PUTNAM, J.:

The objection that the Attorney-General is not a party was not taken by demurrer or answer, and apparently not raised at the trial. It is not available here. (Code Civ. Proc. § 499; *Jones* v. *Gould,* 200 N. Y. 18.)

The notice of lien describes property " to be charged with the lien," as follows:

" The Plaza at the entrance of Ocean View Cemetery, Amboy Road, Oakwood, Staten Island, N. Y.; also Ocean View Drive on both sides of said Plaza and extending through said cemetery about 1950 feet; also Pine Road and Hemlock Road running from said Ocean View Drive and forming with it the triangle section in said cemetery; also Alder Path and Dogwood Path in said triangle section; also all the lots and plots fronting on and extending back from said Ocean Drive and the roads and paths aforesaid, being Lots two (2) to one hundred sixty-three (163), inclusive; Section B, Ocean View Cemetery, the map of which is filed in the office of the Clerk of Richmond County."

The lots so numbered from 2 to 163 practically take in all of section B.

This specification is, therefore, a detailed mention of where the work was done and materials furnished, with a statement of the property claimed to be subject to the lien.

The entire cemetery (certainly all of section B) is benefited by paving the plaza, and laying out and surfacing these roads. The purpose of " avenues, paths, alleys and walks " was recognized in the Rural Cemetery Corporation Act (Laws of 1847, chap. 133, § 4, as amd. by Laws of 1874, chap. 245) and of " improving and embellishing the said cemetery grounds and the avenues or roads leading thereto," mentioned in Laws of 1879, chapter 108 (amdg. Laws of 1847, chap. 133, § 7). (See, also, Membership Corp. Law, §§ 66, 70.) There is no difficulty in such liens being regarded as affecting the entire property thus benefited, if at the time under a common use. (See *Moran* v. *Chase,* 52 N. Y. 346; *Hall* v. *Sheehan,* 69 id. 618; *Woolf* v. *Schaefer,* 103 App. Div. 567; *National Wall Paper Co.* v. *Sire,* 163 N. Y. 122.)

I cannot doubt the constitutionality of this statute, subjecting to judicial sale land in which are no graves, and no

lots sold to individuals. This court has affirmed the principle in *Matter of Chauncey* (191 App. Div. 359), with a proviso as to proceeds, not applicable here. Even when interments had occurred, if the bodies had been afterwards removed, such land could be sold by the court on notice to all parties including the cemetery association. (Laws of 1874, chap. 245, § 3, amdg. Laws of 1847, chap. 133, § 11; Membership Corp. Law, § 82.) Even for unpaid lot taxes, a sale may be had of such portion of a single burial lot as has not been occupied (Membership Corp. Law, § 72, as amd. by Laws of 1912, chap. 301); also for unpaid expenses of restoring a lot after removal of the body (Membership Corp. Law, § 73). (See, as to disused cemetery lands, *Clarke* v. *Keating*, 183 App. Div. 212.)

If cemetery holdings of such vacant lands were beyond reach of judicial process, great injustice might follow towards mechanics and laborers whose compensation would thus be unprotected.

The Mechanics' Lien Law (which has no limitations in its terms) clearly applied to a cemetery. (Lien Law, art. 2, as amd.) Article 5 of the present Lien Law gives a lien on monuments, gravestones and cemetery structures. (Lien Law, §§ 120–124.) The amendment of the Real Property Law permitting a sale of cemetery lands not yet occupied, to satisfy a judgment, recognizes that such unused lands, like other real estate, are not entitled to be exempted from legal process. The area subject to lien enforcement is restricted, consistent with the equity principle of the inverse order of alienation, so that the lienor's resort properly is first to the cemetery's unsold and vacant lands.

I recommend, therefore, to affirm, with costs.

Present — BLACKMAR, P. J., MILLS, PUTNAM, KELLY and MANNING, JJ.

Judgment unanimously affirmed, with costs.