# LESTER *v.* HINKLE.

[No. 23,811. Filed November 14, 1923.]

1. CONTRACTS.—*Indefinite.*—*Supplemented by Acts of Parties.*— A court will not undertake to enforce a written contract unless, by some lawful means, it can ascertain and know just what the contract bound each party to do, but where services have been performed by one party to a contract and accepted by the other, and payments made therefor as the services were rendered, the court in which suit is brought to recover the balance of the compensation may take into account all that was said and done in rendering the services, accepting them, and making payments, so far as they may tend to explain the uncertainties in the contract or to supply omissions therein. p. 610.

2. CONTRACTS.—*For Services.*—*Indefinite.*—A written contract whereby plaintiff was employed by defendant to furnish him information which defendant expected would enable him to sell corporate stock to the parties about whom the information was furnished, *held* not sufficiently definite and certain to support an action by plaintiff for his agreed compensation, but, by applying the rule that where the parties have executed a written contract of employment which is indefinite and uncertain, and have acted on it until services have been performed by one party and accepted by the other, the court may consider all that was said and done in the matter of rendering the services, accepting them and making payments thereon, the complaint alleging such facts in addition to averments showing a breach of the contract by the employer was held sufficient. p. 610.

3. TRIAL.—*Special Finding.*—*Conclusions Therein not Considered.*—Although the pleading of conclusions of fact is now permitted by statute (§343a Burns 1914), there is no authority for any such substitution in a special finding, and conclusions of law, which are only supported by conclusions of fact in the special finding, when unsupported by the facts found, will not be sustained on appeal. p. 611.

4. TRIAL.—*Conclusion of Law.*—*Not Supported by Finding.*—In an action for services performed under a contract of employment whereby the party employed was to give certain information enabling the employer to sell corporation stock in certain counties, the contract stipulating that the employer was to pay for the services a certain per cent. on the amount "received in cash by first party from the territory named," a conclusion of law that the plaintiff was entitled to recover a specific amount from the defendant was erroneous, where there was no find-

ing (and no evidence) that any sales of stock had been made for which the purchase money had been received in cash. p. 612.

5. PRINCIPAL AND AGENT.—*Proof of Agency.—By Agent not Allowed.*—Agency cannot be proved by evidence of statements and admissions of a supposed agent in the absence of his principal.  p. 612.

6. CONTRACTS.—*Commissions.—Accounting.—Demand Necessary.*—In an action for an accounting for commissions that were not to be paid in a fixed amount nor at fixed times, but on the contingency that payment for certain corporate stock sold should be received in cash by the defendant, as to which sales and receipt, a discovery was asked, a demand was necessary before suit.  (Per Ewbank and Townsend, JJ.)   p. 613.

7. CONTRACTS.—*Commissions.—Accounting.—Demand for.—Evidence of.—Sufficiency.*—In an action for an accounting for commissions alleged to have been earned by the plaintiff under a contract of employment, whereby he was to be paid a commission on sales of corporate stock made by defendant when paid for in cash, evidence *held* insufficient to show that plaintiff had made a demand before commencing suit.  (Per Ewbank and Townsend, JJ.)   p. 614.

From Marion Superior Court (A3,165) ; *Linn D. Hay,* Judge.

Action by Hamet D. Hinkle against D. Belmont Lester.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Charles W. Miller* and *Henry M. Dowling,* for appellant.

*Charles E. Henderson,* for appellee.

EWBANK, J.—The appellee, who was the plaintiff below, recovered a judgment against the appellant for $6,769.30, found to be due him under the terms of a written agreement, signed by the parties, which was set out as the foundation of the alleged cause of action. After naming defendant as the first party and plaintiff as the second party, this agreement reads as follows: "That second party is hereby appointed confidential representative of first party for the counties of Knox and Sullivan, State of Indiana, and shall receive for

such information, so long as he may be able and does or is willing to render same to first party five per cent. (5%) of all future sales on the preferred and common capital stock of Standard Royalties Company, as and when received in cash by first party from the territory above named. Full statement of sales and check to balance to be mailed second party on the first working day of each month on sales paid for during the previous month. First party agrees not to divulge his compensation to any one; so doing cancels this agreement."

In addition to setting out such agreement, the complaint, as amended, alleged in substance that during certain years the defendant (appellant) was engaged in selling industrial and oil stocks of corporations in the State of Indiana; that plaintiff (appellee) resided in Knox County, Indiana, and had a large acquaintance with and a knowledge of the business and financial standing of many persons in that county and in the adjoining county of Sullivan; that by said contract in writing defendant appointed plaintiff as his confidential representative in said counties, he to furnish defendant and his agents with confidential information to be used by defendant in selling in those counties the stock of the said Standard Royalties Company; that, in pursuance to said contract, plaintiff acted as such confidential representative of the defendant in said counties and during said years "did render to defendant and the defendant's agents for him such information, giving them from time to time during said period the names of divers prospective purchasers for said stock who lived in said counties, stating to defendant and his said agents the business and financial circumstances of the persons so named and such other information as plaintiff had of such persons; * * * that the information so given by plaintiff to defendant and his said agents was accepted by defendant and acted upon by

him, and said prospective purchasers were solicited by defendant to purchase such stock; that defendant did, within the period when plaintiff so acted as such confidential representative, make large sales of such stock to persons living in said counties, and did receive large sums of money, in payment for the stock so sold, the exact amount * * * plaintiff cannot state as he does not have exact knowledge thereof, but that defendant received in cash from such stock so sold in said counties during said period more than $100,000, and that defendant has knowledge of all the stock so sold and so paid for." That pursuant to the terms of said contract, from time to time within said period, defendant rendered to plaintiff monthly statements of the amount of stock so sold and paid for in said counties, and, at the times they were rendered, paid to plaintiff five per cent. of the total amount of sales reported in such statements, as provided in said contract; but did not render correct statements and did not report therein a large number of sales that were made and paid for, the number and amounts of which are known to defendant, but are not known to plaintiff; that the balance due plaintiff from defendant for sales made and paid for but not so reported exceeds $4,000; and that, prior to bringing suit, plaintiff demanded of defendant an exact accounting and payment, etc. The prayer was for an accounting, judgment for the amount found due, and all proper relief.

A demurrer to the complaint for the alleged reason that it did not state facts sufficient to constitute a cause of action, specifying in the memorandum that the alleged contract sued on was void for uncertainty, was overruled and defendant excepted. Defendant then answered by a denial and three special pleas, and plaintiff replied by a denial. The court made a special finding of the facts to the effect that the written contract was

entered into and was still in force; that, under and pursuant to its terms, plaintiff at all times gave the defendant and his assistants any and all information and assistance which they asked or demanded of him, and thereby assisted defendant in the sale of the stock named in the contract, and at all times performed all conditions and stipulations on his part as defined in the contract; that during the existence of the contract, defendant sold stock named therein to purchasers in Knox and Sullivan counties in the aggregate of $135,-000, but paid plaintiff only $630 on his commissions, and that plaintiff had duly demanded of defendant an accounting and payment of the amount due, before this action was commenced. The court stated a conclusion of law thereon that plaintiff was entitled to recover $6,769.30, as the balance of commissions due him, together with his costs, to which conclusion the defendant duly excepted. Defendant filed a motion for a new trial, specifying as a cause (among others) that the verdict is not sustained by sufficient evidence, in that there was no legitimate evidence (he insists) to show that the men who sold the stock were agents or representatives of defendant or in his employ, or that payment had been received for any of the stock for which further commissions were demanded, or that a demand was made before suit was brought.

It will be observed that the complaint did not contain direct averments stating what was involved in acting as confidential representative for the counties of Knox and Sullivan nor what information plaintiff agreed to furnish that is referred to in the written agreement as "such information", nor just what he did furnish that is designated as "such as plaintiff had", nor were facts directly averred to show that giving "all assistance asked of him" complied with the agree-

ment as supplemented, if it was supplemented, by oral stipulations and understandings.

The point made by appellant that the written contract was not sufficiently definite and certain, in and of itself, to support an action by one party for nonperformance by the other, is well taken.

A court will not undertake to enforce a contract unless by some lawful means it can ascertain and know just what the contract bound each party to do. 1, 2. *Freed* v. *Mills* (1889), 120 Ind. 27, 22 N. E. 86; *VanSickle* v. *Furgeson* (1890), 122 Ind. 450, 23 N. E. 858; *Fairplay School Twp.* v. *O'Neal* (1891), 127 Ind. 95, 26 N. E. 686; *Casey* v. *Luken* (1909), 43 Ind. App. 682, 88 N. E. 347; *Ingram-Day Lumber Co.* v. *Rodgers* (1913), 105 Miss. 244, 62 So. 230, 48 L. R. A. (N. S.) 435, Ann. Cas. 1913E 174; *Shaw* v. *Woodbury Glass Works* (1889), 52 N. J. Law 7, 18 Atl. 696; *Van Slyke* v. *Broadway Ins. Co.* (1897), 115 Cal. 644, 47 Pac. 689, 928; Page, Contracts §§87, 88, 95, *et seq.* But a contract of present employment is not one which the statute of frauds requires to be written out at length and signed by the parties, and where the parties have signed a contract of hiring that was indefinite and uncertain and have acted upon it until services have been performed by one party and accepted by the other, the court in which suit is brought to recover compensation may take into account all that was said and done in the matter of rendering the services, accepting them, and making payments in that behalf, so far as they may tend to explain the uncertainties in the written contract, or to supply omissions therein. *Pennsylvania Co.* v. *Dolan* (1892), 6 Ind. App. 109, 115, 32 N. E. 802, 51 Am. St. 289; *American Quarries Co.* v. *Lay* (1905), 37 Ind. App. 386, 389, 73 N. E. 608; *Cox* v. *Baltimore, etc., R. Co.* (1913), 180 Ind. 495, 505, 103 N. E. 337, 50 L. R. A. (N. S.) 453. Applying this rule, a major-

ity of the court (not including the writer of this opinion) hold that the alleged written agreement was so far supplemented by the facts alleged as that the complaint was sufficient in that respect, and that no error was committed in overruling the demurrer thereto.

The special finding, as above set out, recited no facts supplementing the terms of the written agreement, except only that plaintiff at all times gave defendant and his agents all information and assistance demanded of him, and that defendant paid him $630 of commissions; though it recited the conclusion which a statute (§376 Burns 1914, §370 R. S. 1881) authorizes to be pleaded only on condition that "the facts showing a performance be proved at the trial", as follows; "said plaintiff did at all times perform each and all of the terms, conditions and stipulations on his part to be performed, as defined in said contract." But while the statute cited above and another statute (§343a Burns' Supp. 1921, Acts 1915 p. 123) permit a party to plead facts by alleging conclusions from which they may be implied, there is no authority for any such substitution in a special finding. The very purpose of a special finding is to set out the facts from which all conclusions are drawn, in order that it may appear whether or not the conclusions are well founded. On proper request the court "shall first state the facts in writing, and then the conclusions of law upon them." §577 Burns 1914, §551 R. S. 1881. And the lack of stipulations in the written contract as to what the plaintiff should do to earn his commissions could not be supplied by a mere conclusion that he performed his part. No facts were found as to what plaintiff did, other than giving such information as was asked for; nor does the finding state what time was consumed in doing whatever was done, nor the value of the services rendered,

nor the benefit, if any, that accrued therefrom to defendant; nor are any facts found from which an agreement could be inferred that acts which plaintiff had done were accepted as full performance.   See *Burke* v. *Mead* (1902), 159 Ind. 252, 260, 64 N. E. 880.

Neither did the finding recite that any of the shares sold had been paid for, whether by payments "received in cash by first party", or otherwise.   The exception to the conclusion of law that plaintiff was entitled to recover $6,769.30 was well taken and should have been sustained.   The evidence wholly failed to show that any sales of stock had been made for which the purchase money had been "received in cash by first party from the territory named."   There was some testimony that each of five men, other than defendant, had sold stock to certain persons.   But there was not the slightest evidence that defendant received payment for any of it, while it did affirmatively appear that, for some of it, the individuals who sold it received notes, which they exchanged for paper of a bank in which plaintiff was an officer, less commissions claimed and received by him.   Defendant, without mentioning any names of salesmen, said that some stock sold to John M. Allen was "brokerage stock that I did not sell him at all.   He bought stock from brokers" who went out and picked it up.   And he added that "they were my salesmen."   But there was no evidence whatever assuming to show how much was sold to John M. Allen, while plaintiff testified that more than $163,000 worth was sold in Knox and Sullivan counties to persons bearing other names, and there was no evidence at all tending to show that defendant sold it, and no evidence to show that the persons who sold any of it were "salesmen" employed by defendant or agents authorized to represent him except by testimony concerning statements made by the men at the time the stock was sold,

which was admitted over objections by appellant. It is an established rule of law that agency cannot be proved by evidence of statements and admissions of a supposed agent in the absence of his principal. *Johnston Harvester Co.* v. *Bartley* (1882), 81 Ind. 406, 408; *Blair-Baker Horse Co.* v. *First Nat. Bank* (1905), 164 Ind. 77, 83, 72 N. E. 1027; *Bankers Surety Co.* v. *German Inv., etc., Co.* (1920), 189 Ind. 311, 322, 126 N. E. 10; *W. T. Rawleigh Medical Co.* v. *Van Winkle* (1918), 67 Ind. App. 24, 30, 118 N. E. 834; Gillett, Indirect and Collateral Evidence §36.

The mere fact that they were selling stock of the Standard Royalties Company, and that defendant was a director and fiscal agent of that company, would not necessarily make them his agents, nor bind him to pay commissions on stock which they sold, unless they made the sales on his behalf and even then, he could not be required to pay commissions unless he received payment for what they sold.

This being an action for an accounting of commissions that were not to be paid in a fixed amount nor at fixed times, but upon the contingency that payment for the stock sold should have been received in cash by the defendant, as to which sales and receipts a discovery was asked, a demand was necessary before suit, which necessity plaintiff recognized by alleging a demand.

6.

The plaintiff testified that he made no demand before suit was commenced, and his attorney testified that he had charge of this matter for plaintiff, and in answer to the question "Did you write a letter to D. Belmont Lester, concerning the claim sued on?" answered, "Yes, sir, I wrote two letters"; and stated that he did not recall when, but it was before suit was filed; that the attorney for defendant had said he did not have the second letter, and had no information concerning it,

and the witness had lost his copy, but that in it, he demanded on behalf of Mr. Hinkle an accounting and settlement, but received no reply. This falls short of proof that a demand was made on the defendant. Evidence should have been offered that the letter containing the demand reached the defendant, or facts should have been proved from which an inference that it reached him would arise, as that it was duly sealed, addressed to defendant at the place where he received mail, stamped and deposited in the United States mail, or other facts which would put him in the way of receiving it.

For lack of proof that those who sold the stock in Knox and Sullivan counties for which plaintiff had not received commissions were agents of the defendant, or that such stock was ever paid for, or that 7. the demand written by plaintiff's attorney was received by or communicated to defendant, the decision is not sustained by sufficient evidence.

The judgment is reversed, with directions to sustain defendant's motion for a new trial.

Myers and Travis, JJ., concur in the reversal of the judgment solely upon the ground that the conclusion of law is not sustained by the special findings of facts, in that the findings fail to show that the stock was paid for in cash.

Willoughby, C. J., not participating.