RECTOR, CHURCHWARDENS AND VESTRYMEN OF THE CHURCH OF THE NATIVITY, an Incorporated Protestant Episcopal Church, and Others, Plaintiffs, *v.* CARRIE O. FLEMING, as Surviving Executor, etc., of ANDREW FLEMING, Deceased, and JAMES V. MANGANO, as Sheriff of the County of Kings, Defendants.

Supreme Court, Special Term, Kings County, May 8, 1940.

*Cullen & Dykman,* for the plaintiffs.

*Herbert Peake,* for the defendants.

LOCKWOOD, J. The only question arising on this motion to dismiss the complaint for insufficiency is whether the property of a religious corporation is exempt from execution.

The plaintiff's contention is, essentially, that under the common law of this State the real property of religious corporations was inalienable (1 Evans Stat. [3d ed. English] 381–390; *Madison Avenue Baptist Church* v. *Baptist Church in Oliver Street,* 46 N. Y. 131, 141, 142), and now, by statute, may be sold or mortgaged only upon fulfilling certain prescribed conditions. (Religious Corp. Law, § 12.)

Plaintiff further contends that since a religious corporation may not voluntarily alienate its real property without compliance with the statute, it may not, by incurring an obligation which ripens into a judgment, and to satisfy which the property must be sold, accomplish by indirection what it cannot do directly.

No adjudicated case is found in this State determining the question presented.

Counsel for the plaintiff calls attention to a Nebraska case (*Horton* v. *Tabitha Home*, 95 Neb. 491; 145 N. W. 1023), an action to foreclose a mechanic's lien against the real property of an incorporated charitable institution operated by a religious society.

After pointing out that the owners or trustees of the home did not contract for the work, and had indicated clearly that the property was not to be charged with the expense, the court held, two justices dissenting, that no lien was created upon the property of the charitable institution.

The opinion sets forth many other facts and circumstances to indicate that the conclusion reached effected substantial justice in that particular case.

However, it stands alone, the great weight of authority being to the contrary. (*Harrisburg Lumber Co.* v. *Washburn*, 29 Ore. 150; 44 P. 390; *Presbyterian Church* v. *Allison*, 10 Penn. St. 413; *Morris* v. *Nowlin Lumber Co.*, 100 Ark. 253; 140 S. W. 1; *Ray County Savings Bank* v. *Cramer*, 54 Mo. App. 587; *North Presbyterian Church* v. *Jevne*, 32 Ill. 214; *Gortemiller* v. *Rosengarn*, 103 Ind. 414; 2 N. E. 829; *Keller & Bennett* v. *Tracy*, 11 Iowa, 530; *Jones* v. *Trustees of Congregation of Mt. Zion*, 30 La. Ann. 711; *Hoekstra* v. *Chambers-Wylie Memorial Presbyterian Church*, 51 Penn. Super. Ct. 405.)

It may be that a voluntary sale of church property was prohibited by the common law and can now be made only upon certain conditions as provided in section 12 of the Religious Corporations Law, but that section does not, expressly or by inference, exempt church property from sale under execution, nor has any other statutory provision been found that does.

In holding constitutional the amendment to section 450 of the Real Property Law, permitting judicial sale of cemetery lands not actually used for burial purposes, the Appellate Division, Second Department, wrote: " If cemetery holdings of such vacant lands were beyond reach of judicial process, great injustice might follow toward mechanics and laborers whose compensation would thus be unprotected.  *  *  *  The amendment of the Real Property Law permitting a sale of cemetery lands not yet occupied, to satisfy a judgment, recognizes that such unused lands, like other real

estate, are not entitled to be exempted from legal process." (*Johnson* v. *Ocean View Cemetery*, 198 App. Div. 854, 858.)

That the real property of a religious corporation may be sold to satisfy a judgment against it has, apparently, never been questioned in this State and innumerable such sales have been made.

Upon the argument of this motion, counsel for plaintiff was unable to state with certainty, but believed it probable that the bishop and standing committee of the diocese had approved the obligation which resulted in the present judgment. In any event the judgment was duly recovered and the only question here presented must be resolved against the plaintiff.

Motion to dismiss complaint granted.