Filed Sept. 17, 1889.

---

## No. 13,756.

## FREED *v.* MILLS.

CONTRACT.—*Incomplete Instrument.*—*Averment of Extrinsic Facts.*—Jonah Freed executed an instrument of this tenor: "This is to certify that I have this day received a deed from Richard Mills and wife for certain real estate, in consideration of which I am to apply the payment thereof to a note that Henry G. Smith holds against Richard Mills, Peter Linn, D. F. Linn and Jonah Freed, for three hundred and seventy-five dollars."

*Held,* in an action by Mills against Freed, that this instrument is not, on its face, a complete and enforceable contract, and to authorize a recovery extrinsic facts, giving it a legal effect, must be averred.

From the Lawrence Circuit Court.

*G. W. Friedley, J. Giles* and *B. S. Lowe,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellee.

ELLIOTT, C. J.—The second and third paragraphs of the appellee's complaint are founded on the following instrument, viz : " This is to certify that I have this day received a deed from Richard Mills and wife for certain real estate,

in consideration of which I am to apply the payment thereof to a note that Henry G. Smith holds against Richard Mills, Peter Linn, D. F. Linn and Jonah Freed, for three hundred and seventy-five dollars, and interest.

(Signed)     " JONAH FREED."

In both of the paragraphs mentioned it is alleged that the appellee was indebted to the appellant in the sum of $375, and that the indebtedness was evidenced by a promissory note executed by the appellee as principal, and the other makers of the note as sureties; that the appellant did not pay the note, and the appellee was compelled to pay it.

The third paragraph of the complaint contains, in addition to the statements we have summarized, the following: That the parties entered into an agreement wherein it was stipulated that Mills should convey the land to Freed, in consideration that Freed would thereafter pay the note executed to Henry G. Smith by Mills and his sureties, and that Freed received a deed and took possession of the land.

It will be observed that neither of the paragraphs of the complaint avers that there was any mistake in reducing the agreement to writing, nor does either of them aver that the written instrument is not full and complete. We must, therefore, assume that the writing contains the contract of the parties, unless we find from an inspection that it is incomplete. If it is a complete contract, then it must be deemed the sole repository of the agreement between the parties, in which all preceding oral negotiations and agreements are merged. If it is not a complete and enforceable contract, then there can be no recovery upon it without the aid of extrinsic facts giving it a legal effect and vitality.

It is our judgment that the written instrument is not, on its face, a complete and enforceable one. There is no undertaking on the part of Freed to pay the note executed to Smith. He does not agree that he will pay the note, but that " he will apply the payment thereof to a note that Henry G. Smith holds." Granting, for the present, that the

language employed binds the appellant to apply the value of the land to the payment of the note, he will not be liable unless the value of the land is directly averred as a traversable fact. The word " apply " precludes the conclusion that there was a direct or absolute promise to pay the note. The utmost that can be conceded the appellee is that the writing binds the appellant to apply the value of the land to the payment of the note described in the instrument. There are, at all events, no words binding the appellant to pay off the note, nor are there words of assumption. If liable at all upon the face of the writing he is liable because he has not made the application of the value of the land, and not upon any agreement assuming the payment of the note. Even upon the concession we have provisionally made, there can be no recovery upon the theory embodied in the complaint, for that treats the writing as binding the appellant to pay the note executed by the appellee and his sureties.

But it is evident that the contract is not perfect in itself, for to give the words their ordinary meaning would leave the writing without effect. Taking the words of the writing, the promise of the appellee is " to apply the payment thereof to the payment of a note Henry G. Smith holds," and these words in themselves can have no force, since it is obvious that the appellant could not apply the payment to the note, although he might so apply the value of the land or the consideration agreed to be paid for it. Doubtless extrinsic facts may be averred which will give force to the contract, but without them it is ineffective.

As both the second and third paragraphs of the complaint were separately demurred to, and as they are insufficient, it is unnecessary to consider the question of the sufficiency of the answers.

Judgment reversed.

Filed Sept. 18, 1889.