### PEARSON ET AL *v.* WOOD.

[No. 3,984. Filed October 11, 1901.]

VENDOR AND PURCHASER.—*Failure of Title.—Fraud.—Enforcement of Vendor's Lien.*—In an action to recover unpaid purchase money of certain real estate defendants filed a counterclaim alleging fraud in the negotiation and sale of the real estate, by which defendants were induced to purchase the real estate without investigating the title; that a building and loan association refused to loan defendants an amount on said real estate sufficient to pay the balance of purchase money because of a defect of title therein, the defect

consisting of unpaid mortgages barred by the statute of limitation. It was not shown that defendants had been disturbed in their possession or that any one was claiming title adverse to them. *Held,* that a demurrer to the counterclaim was properly sustained. *pp. 420-423.*

APPEAL AND ERROR.—*Failure to Assess Nominal Damages.*—*Harmless Error.*—Failure to assess nominal damages to which defendant was entitled under a counterclaim in an action to recover the balance of purchase money of real estate is not reversible error. *p. 423.*

From Hendricks Circuit Court; *T. J. Cofer,* Judge.

Action by Martha Wood against Isaac N. Pearson and wife to recover balance of purchase money of real estate. From a judgment on demurrer to counterclaim, defendants appeal. *Affirmed.*

*J. A. Downard* and *C. Foley,* for appellants.
*J. McCormick* and *C. V. Sears,* for appellee.

COMSTOCK, J.—This case was transferred from the Supreme Court. Appellee, plaintiff below, brought this action against appellants to recover the unpaid balance of the purchase money for two lots in the town of Plainfield, Indiana, conveyed by her by warranty deed to appellants as husband and wife, and to enforce her vendor's lien. The complaint is in two paragraphs. In the first it is alleged that the husband executed to appellee his two promissory notes for the unpaid purchase money. The second is the same as the first in its material averments except that it does not allege the execution of any written evidence of indebtedness. Appellants filed a joint and several counterclaim against appellee based on alleged fraud practiced on them by the appellee in the negotiations immediately preceding the sale and conveyance mentioned in the complaint and leading up to the same, by which appellants were induced to make the purchase without first investigating the records as to title, liens, and encumbrances, and insolvency of the appellee. A demurrer to the counterclaim for want of facts was sustained. This action of the court is the only error assigned.

Pearson *v.* Wood.

The following are the material averments of the counter-claim: (1) That on May 28, 1897, the plaintiff and defendants were together in the town of Plainfield, in Hendricks county, State of Indiana, distant from the town of Danville, the county seat of said county, eight miles, and were then and there negotiating for the sale and conveyance by the plaintiff to the defendants of the following described real estate, situated in Hendricks county, State of Indiana, to wit: Lots one and two, in block thirteen, in the original town plat of the town of Plainfield. (2) That the defendants, nor either of them, not knowing anything as to the title of the plaintiff to said real estate, or as to liens or encumbrances thereon, and there being no way or means for them to acquire any of such information, other than by going to said town of Danville, did, before the sale and conveyance of said real estate, as hereinafter alleged, propose to the plaintiff that investigation should be made at said town of Danville as to the title of the plaintiff to said real estate, and as to liens and encumbrances thereon, before the defendants should determine whether or not to purchase the same of the plaintiff. (3) That the plaintiff, for the purpose of misleading, deceiving, and inducing the defendants to purchase said real estate, without such investigation at said town of Danville as to title and liens and encumbrances, knowingly, falsely, and fraudulently stated to the defendants that she, the plaintiff, was the owner and had a good and perfect title thereto in fee simple of said real estate, and that her chain of title thereto was perfect of record, and that there were no breaks in such chain of title, and that there was not any lien or encumbrance on said real estate of record, all of which representations and statements of the plaintiff were known by her at the time she made the same to be false. (4) That the defendants not knowing of the falsity of such representations and statements, but believing the same to be true, having confidence in the plaintiff's integrity, were induced thereby, and did,

on said May 28, 1897, at said town of Plainfield, purchase said real estate of the plaintiff for the sum of $600, of which sum they paid plaintiff $200 cash down, and defendant Isaac N. Pearson executed to the plaintiff his two promissory notes for the residue of said purchase money, both payable to the order of the plaintiff and negotiable at the Citizen's State Bank at Plainfield. (5) That as a part of said transaction, and concurrently with said sale and the execution of said notes, said Isaac N. Pearson on said May 28, 1897, on the aforesaid occasion at said town of Plainfield, executed to the plaintiff a warranty mortgage on said real estate to secure the payment of said notes, which mortgage the plaintiff accepted and caused the same to be recorded in the office of the recorder of Hendricks county, State of Indiana, and the same appears of record in mortgage record twenty-two, at page 461, of said office. (6) That at the time of the execution of said two promissory notes and mortgage, defendant Emma Pearson knew they were for the unpaid purchase money of said real estate, and she consented thereto. (7) That on said May 28, 1897, and as a part of said sale and conveyance of said real estate, on the aforesaid occasion at said town of Plainfield, the plaintiff, her husband joining with her therein, executed to defendants, who were then as they are now, husband and wife to each other, a general warranty deed bearing that date for said real estate, both of the defendants being named in said deed as grantees, and they being described therein as husband and wife to each other. (10) That the plaintiff, Martha Wood, did not on said May 28, 1897, have a good and perfect title in fee simple to said real estate. The defects of title of record are then specified.

It is shown that appellee's claim of title to the lots in question begins with Christopher Trucksess on November 22, 1858, who on that date executed to one John Kistler a deed of general warranty; that on December 18, 1859, said Kistler executed to one Andrew Wallace a deed of general

Pearson *v*. Wood.

warranty; that on March 28, 1865, Wallace conveyed to one Mary A. Stone; that in 1887 Mary Stone conveyed to the plaintiff; that the deeds for these conveyances were duly recorded in the proper record of Hendricks county. The averments show that appellees derived title through *mesne* conveyances extending through a period of forty years. It does not appear that during that time any one set up an adverse claim of title.

It is alleged that one William Trucksess executed a mortgage to one Catharine Trucksess on July 15, 1854, to secure the payment of $450 due Decemer 25, 1856; that John Kistler, on November 22, 1858, executed a mortgage to one Christopher Trucksess on said lots to secure the payment of $100 twelve months after date; that said mortgages were duly recorded, are unpaid, and not satisfied of record. Under the statute of limitations these mortgages could not have been enforced against the lots. It is further alleged that because of this alleged defective record, the Plainfield Building and Loan Association refused to loan to appellants a sufficient amount to pay appellee's claim, said loan to be secured by a mortgage on said lots, and that appellants have no property other than their interest in the lots in question. They ask that the appellee be ordered to perfect their title to said lots and that she be enjoined from further prosecution of other actions until she shall have done so. It does not appear that appellants have been disturbed in their possession, nor that any one is claiming title adversely to them. The action of the building and loan association in refusing to loan appellants money is not material.

Taking the view most favorable to appellants, the counterclaim shows them entitled only to nominal damages. It is the general rule that a failure to assess nominal damages is not reversible error. The cause before us does not come within any exception to the rule. Elliott's App. Proc. §436.

Judgment affirmed.