IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1915, IN THE
ONE HUNDREDTH YEAR OF THE STATE.

---

GOLDBERGER *v.* ARCADIAN WAUKESHA SPRINGS
COMPANY.

[No. 8,818.   Filed February 4, 1916.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—Where it could be gathered from appellant's brief that certain propositions under points and authorities were directed to alleged error in the admission of certain evidence, the brief was not so defective as to preclude a consideration of the alleged error. p. 2.

2. EVIDENCE.—*Written.*—*Parol Evidence to Explain.*—In an action to recover for medicinal water sold pursuant to a written order calling for "136 cs Large Water, price 3.50, 25 cs Large Ginger Ale, price 5.00, 5 casks R. B. pts. Imp. Style ale, price 7.00", etc., parol testimony showing that "cs" meant "cases", that "large water" meant "large water bottles holding one-fifth of a gallon", that "R. B. pts. Imp. Style" meant "round bottom pints imported style", and that the figures in the price column meant price in dollars per case or cask, was properly admitted, since the order was in itself ambiguous. p. 2.

From Allen Circuit Court; *J. W. Eggeman,*
Judge.

Action by the Arcadian Waukesha Springs Company against Morris Goldberger. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Vesey & Vesey* and *Dick M. Vesey*, for appellant.
*Breen & Morris*, for appellee.

CALDWELL, J.—Appellee brought this action against appellant to recover for a bill of medicinal water, etc., sold by the former to the latter, as per a written order, in part as follows:

> Order Arcadian Waukesha Springs Co., June 4, '12.    Ship to Morris Goldberger, at Ft. Wayne, Indiana.    *    *    *
>
> No. Cases.                                         Price.
> 136 cs Large Water.................... 3.50
>  25 cs Large Ginger Ale................ 5.00
>   5 casks R. B. pts. Imp. Style ale..... 7.00
>        *    *    *    (Signed) Morris Goldberger."

A trial by jury resulted in a verdict for appellee for $670, on which judgment was rendered, from which this appeal is prosecuted. Appellee

1. urges that appellant's brief is so defective that when measured by the rules of this court nothing is presented for our consideration.

2. However, we are able to gather from the brief that appellant has directed certain propositions to the alleged error of the court in hearing parol testimony to elucidate the order. Thus, the court heard such testimony respecting the meaning the parties intended to convey by certain abbreviated words and expressions in the order, and in what sense they are used. Thus, that "cs" means "cases"; that "large water" means "large water bottles holding one fifth of a gallon"; that "R. B. pts, Imp. Style" means "round bottom pints imported style"; that the figures set under the heading "price" mean the price in dollars per case or cask, rather than the price of the entire item.

Appellant more particularly contends that the court erred in hearing such evidence on the subject of price, it being his position that the order in

plain and unambiguous terms specifies the price for the entire item in each instance, and that the court, therefore, in hearing parol testimony that the parties intended the figures quoted to mean the price per case and cask, violated the principle that parol evidence cannot be heard to vary or contradict a plain, unambiguous writing. The parties agree that price in dollars is meant by the figures used.

It will be observed that the order does not in terms specify the price as being for each case or cask or as the total for each item, and also that the aggregate amount of the selling price is not indicated. To arrive at the total, it is conceded that a calculation is necessary. Appellant contends that such calculation should be a mere addition, arriving at $15.50; while appellee contends that there should be a series of multiplications and an addition, arriving at $636 as a total. There was other evidence that each case contained fifty bottles and each cask one hundred and twenty bottles, or a total of 8,650 bottles, and that on the return of the empty bottles appellee allowed a credit of from one cent to three cents per bottle. It is thus evident that if appellant is right in his contention, the sale of the goods here was decidedly a losing venture on the part of appellee. Appellant testified as a witness that the water in certain of the cases was defective, and in such condition it was not worth to exceed $1.75 per case. These observations are made, not that they are important, if the written order is plain and unambiguous, but to indicate that the parties in fact understood the order as interpreted by appellee, and as construed by the court, through the aid of parol testimony. In our judgment, however, the order is incomplete and ambiguous on its face, to the extent that the court properly admitted the parol testimony complained of. *Driscoll* v. *Penrod*

(1911), 176 Ind. 19, 95 N. E. 313; *Jaqua* v. *Witham & Anderson Co.* (1886), 106 Ind. 545, 7 N. E. 314; *Barton* v. *Anderson* (1886), 104 Ind. 578, 4 N. E. 420; *Lake Erie, etc., R. Co.* v. *Bowker* (1893), 9 Ind. App. 428, 36 N. E. 864; Jones, Evidence (2d ed.) §453, *et seq.*

The court did not err in giving instruction No. 9 or in refusing to give No. 6. It may be said in addition that in the motion for a new trial, error is not predicated on the giving of instruction No. 9. Moreover in that department of appellant's brief devoted to "points and authorities", neither of these instructions is mentioned. The most that can be said is that in such department there is a single assertion, unsupported by argument or authority, which might be construed as referring to instruction No. 9. There are no other questions presented. Judgment affirmed.

NOTE.—Reported in 111 N. E. 316. See, also, under (1) 3 C. J. 1430; 2 Cyc 1013; (2) 17 Cyc 682, 687.