## RODER v. NILES.

### [No. 8,912. Filed February 4, 1916.]

1. APPEAL.—*Review.*—*Refusal to Strike Out Answer.*—The overruling of a motion to strike out certain paragraphs of answer was not error, where under the facts shown leave to file such paragraphs was a matter within the sound discretion of the court. p. 6.

2. CONTRACTS.—*Breach.*—*Complaint.*—*Answer.*—In an action for breach of a contract of employment, where the complaint was on the theory that the contract was originally in parol and afterwards reduced to writing, and it was manifest therefrom that certain obligations on the part of plaintiff had been omitted from such writing, so that the writing was more in the nature of a memorandum than a definite contract, it was competent for defendant to aver by answer what the omitted provisions were and to prove same by parol, since under the circumstances the contract must be deemed in parol and is controlled by the law governing parol contracts. p. 8.

3. CONTRACTS.—*Proof of Consideration.*—Where the consideration of a contract is not expressed, parol evidence is admissible to show same. p. 8.

4. CONTRACTS.—*Action for Breach.*—*Findings.*—In an action on a contract, where there was no finding that plaintiff performed his part of the contract, nor of any fact on which substantial damages could be based, while on the other hand there were findings showing nonperformance by plaintiff, and that plaintiff was himself responsible for the failure of the enterprise which was to be developed, all supported by the evidence, the judgment for defendant can not be disturbed. pp. 9, 10.

5. DAMAGES.—*Failure to Assess Nominal Damages.*—*Harmless Error.*—Even though plaintiff is entitled to nominal damages, a failure to assess such damages is not ground for reversal. p. 10.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Robert Roder against Henry G. Niles, Jr. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Samuel B. Pettingill, Lenn J. Oare* and *Orie Parney,* for appellant.

*Graham & Crane,* for appellee.

IBACH, C. J.—This is an appeal from a judgment for appellee in a suit brought by appellant to recover damages for his wrongful discharge during the term of his employment by appellee and for additional damages claimed to have been sustained by him because of appellee's failure to issue to him a number of shares of the capital stock in a proposed corporation. The contract upon which the action is based and which is claimed to have been breached is the following:

"Nov. 3, 1911.

I, Henry G. Niles, Jr., personally guarantee that the following contract with Robert Roder will be fulfilled by the company to be formed about January, 1912, for the purpose of manufacturing gas mantles and other products at Mishawaka, Ind. First, the company when

formed, to issue to said Robert Roder, $750 worth of its stock, par value, in payment of certain supplies bought of said Roder. Second, said Robert Roder to be paid a salary of $20 per week in cash from July 1st, 1911, to July 1st, 1912, unless he severs his connection with the business prior to that time, when the weekly payment of $20 shall cease. Third, on July 1st, 1912, for the further and complete payment to Robert Roder for his services from July 1st, 1911, to July 1st, 1912, the Company is to issue to said Robert Roder at par value, the amount of stock equal to $20 for each and every week from July 1st, 1911, that said Robert Roder has given his time to the development of the mantle business, provided that should Robert Roder sever his connection with the business prior to July 1st, 1912, the company is to issue to him stock at its par value for an aggregate amount equal to $20 per week for each and every week from July 1st, 1911, that said Robert Roder has been with the company. Further, that said Robert Roder is to have the privilege of selling his stock to the company on July 1st, 1912, and that the company is to have the privilege of buying said Roder stock on July 1st, 1912, at its book value, as shown by inventory at that time. (Signed.) Henry G. Niles, Jr. Robert Roder.''

Appellant contends that the court erred in refusing to strike out appellee's third and fourth paragraphs of answer to the complaint, in overruling his demurrer to the same paragraphs of answer, and in the conclusions of law stated on the facts specially found. There is no merit in the first contention because the permission to file the additional paragraphs of answer complained of was under the facts of this case within the sound discretion of the trial court. These paragraphs of answer were filed eleven days before the trial. The

third paragraph avers that at the time of and contemporaneous with the execution of the written contract sued on and as a consideration for its execution, the parties entered into an oral agreement in substance that appellant was an expert gas mantle builder and had valuable formulae for the manufacture of marketable gas mantles, and that he also had suitable machinery for equipping a plant of that kind which he agreed to sell to appellee for $750. That appellant would organize and build up a gas mantle manufacturing business for appellee and put it on a paying basis so that appellee might profitably incorporate the business. Appellant also agreed to instruct appellee and his employes in the various processes employed by him in the manufacture of the mantles and devote his entire time to the business. Appellee performed the conditions required of him by the oral agreement, as well as the written one, but that appellant failed and refused to do what was required of him, that he was not an expert mantle maker, did not possess valuable formulae, did not own suitable machinery for the business, and failed to sell and deliver suitable machinery therefor and that which he did furnish was wholly valueless, so that the mantles which appellant did manufacture were of an inferior quality and they were placed on the market before appellee discovered that they were not marketable and resulted in the destruction of appellee's business. Appellant did not instruct appellee's employes in the art of making mantles as he agreed to do and did not devote his entire time to the business, but voluntarily left appellee's employ on May 6, 1912. It is also averred that before the action was brought, appellee offered to return to appellant the machinery which he had furnished, that the business was a failure, because of appellant's breaches of the terms

of the contract, the business was never developed so that it could be profitably incorporated and stock issued, and, therefore, appellee was prevented from fulfilling his contract and he received no benefits whatever from the services performed by appellant or the supplies furnished by him. The fourth paragraph of the answer is in many respects similar to the third, the principal difference is that the fourth paragraph sets out in greater detail the material features of the oral contract which were not contained in the written memorandum. The complaint averred that a contract was concluded between the parties on July 1, 1911, and was afterwards reduced to writing. The theory of the pleading seems to be that the contract was in parol, and afterwards was reduced to writing. It is at once manifest, however, that there is omitted from such writing what appellant was to do, what service he was to perform, or what portion, if any of the equipment of the plant, or what supplies he was to furnish to entitle him to the compensation provided for. The contract itself was not a clear and complete one, it was more in the nature of a memorandum than a definite contract. Under such circumstances, it was competent for appellee to aver by answer what the omitted provisions were and to prove by parol the entire consideration which appellant was to exchange to entitle him to receive the compensation for services and materials which he now seeks to recover. In other words, the true contract made by the parties being partly in writing and partly parol, it was in law a parol contract, governed and controlled by the law affecting contracts of that nature. Stauffer v. Linenthal (1902), 29 Ind. App. 305, 64 N. E. 643. It has been universally held that where the consideration of a contract is not expressed, parol evidence

is admissible to disclose the true consideration. *Howard* v. *Adkins* (1906), 167 Ind. 184, 190, 78 N. E. 665, and cases cited; *Baltes Land, etc., Co.* v. *Sutton* (1903), 32 Ind. App. 14, 69 N. E. 179. We conclude, therefore, that the overruling of appellant's motions to strike out the answers and the overruling of the separate demurrers to each, did not constitute reversible error.

But if there was error therein, it is clear from the entire record and particularly from the court's findings of fact that appellant could not have been harmed by such rulings. In order that appellant might recover in this action, it was 4. incumbent upon him to prove that he had performed his part of the agreement, entered into between the parties, that appellee in one or more particulars failed to perform his part, and that by reason thereof appellant suffered substantial damage. There was no finding that appellant did perform his part of the contract, but on the contrary, there is an affirmative finding that he did not. There was no finding of the value of the stock proposed to be issued, or of the value of the machinery and supplies furnished by appellant or that appellant was damaged in any manner because he did not receive such stock, and no finding on which substantial damages could have been predicated The absence of such finding on the question of damages is a finding against appellant, as the burden was upon him to prove that element of his case to entitle him to a recovery. The findings do show, however, that the business was a failure and the corporation was not organized and no stock issued for that reason. The rule seems to be that where suits are brought for a breach of contract to issue or deliver corporate stock, the measure of plaintiff's damage is the actual value of the stock at the time it should have been.

delivered and if it appears that the stock had not been issued and would be of no value if issued plaintiff can recover only nominal damages. 3 Elliott, Contracts §2216; *Gibson* v. *Whip Pub. Co.* (1888), 28 Mo. App. 450; *Coffin* v. *State* (1896), 144 Ind. 578, 43 N. E. 654, 55 Am. St. 188. So that in view of the state of the record in the case at bar appellant, if entitled to any thing would not be entitled to more than nominal damages. And the general rule is that a failure to assess nominal damages is not reversible error. *New York, etc., R. Co.* v. *Rhodes* (1909), 171 Ind. 521, 86 N. E. 840, 24 L. R. A. (N. S.) 1225; *Pearson* v. *Wood* (1901), 27 Ind. App. 419, 61 N. E. 593.

The court also finds that appellant by his conduct made it impossible for appellee to keep him in his employ, and the effect of the findings on this branch of the case is that appellant's own conduct caused the failure of the business and prevented appellee from performing his part of the contract. We are satisfied that the findings were supported by the evidence, and that the conclusions of law are fully justified by the findings. Judgment affirmed.

NOTE.—Reported in 111 N. E. 340. As to parol evidence to show consideration, see 56 Am. St. 664. See, also, under (1) 3 Cyc. 328; 31 Cyc 669; (2) 9 Cyc 732, 733; (3) 17 Cyc 648; (5) 3 Cyc 446.