SOUTHWESTERN MILLING COMPANY, INCORPORATED
v. NIEMEIER.

[No. 10,996.   Filed July 1, 1921.]

1.  EVIDENCE.—*Parol Evidence.—Admissibility.—Written Contract.—Construction by Party.*—In a seller's action against a buyer to recover for refusal to accept flour of a particular brand pursuant to a written contract to purchase such brand, where it was shown by proper evidence offered by the seller that such brand of flour was a well known and standard brand manufactured and sold to the general trade by the seller, testimony by the buyer as to what was understood by her at the time she placed the order by the term designating such brand was inadmissible, since, where a word used in a contract has a peculiar trade meaning, parol evidence, though admissible to explain such trade meaning, is not competent to show what a party to the contract understood by the use of the word. p. 279.

2.  SALES.—*Payment by Honoring Draft Attached to Bill of Lading.—Inspection of Goods by Buyer.*—A buyer who agrees in the sales contract that payment for the goods shall be made by honoring draft attached to bill of lading has no right of inspection before payment, unless such right is given by the custom of the business.   p. 280.

3.  APPEAL.—*Appellee's Failure to File Briefs.—Effect.*—The failure of appellee to file a brief may be taken as a confession of error.   p. 280.

From Gibson Circuit Court; *S. L. Vandeveer*, Judge.

Action by the Southwestern Milling Company, Incorporated, against Christina Niemeier. , From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Joseph H. Iglehart*, for appellant.

REMY, J.—On August 8, 1917, appellant, at a price agreed upon, sold to appellee, to be shipped to her at the city of Princeton, a certain quantity of flour.   In the contract, which was in writing and in the form of an order, the word "flour" was not used, but the term "Aristos Brand" was used instead.   It was specifically provided in the contract that upon arrival of the ship-

ment at Princeton, payment for the same would be made by the purchaser by paying draft drawn upon the purchaser by the seller, which draft would be attached to the bill of lading. The flour was shipped in accordance with the contract, but upon arrival appellee refused to honor the draft drawn by appellant, and which had been attached to the bill of lading, claiming the right to make inspection of the flour before payment, which right had been denied. Whereupon appellant notified appellee in writing, that unless the draft was paid appellant would sell the flour at the best possible price, and hold appellee responsible for the loss resulting to appellant from appellee's failure to honor and pay the draft in accordance with the contract. Thereafter on October 10, 1917, appellant did sell the flour at the best price obtainable, but at a loss to appellant in the total sum of $570.56. This action by appellant against appellee is to recover the loss thus sustained.

In addition to an answer in denial, appellee filed special answer setting up that she was by appellant denied the right to inspect the flour before honoring the draft, and that appellant by its contract had agreed to sell and deliver to appellee flour made from old wheat, but that the flour shipped, and which appellant sought to deliver to appellee, was made from new wheat, and was of an inferior quality. None of the pleadings was tested by demurrer.

Issues having been joined, there was a trial by the court resulting in a finding and judgment for appellee.

On the trial of the cause, after appellant by proper evidence had shown that the term "Aristos Brand" used in the contract was a trade term used to designate, and did designate and mean, a well-known and standard brand of flour manufactured and sold throughout the year to the general trade by appellant. The court permitted appellee, over appellant's

objections, to prove that it was understood by her at the time she placed the order for the flour, that the term "Aristos Brand" meant flour made from old wheat. The admission of this evidence was error. Where, as in the case at bar, a word used in a contract had a peculiar trade meaning, parol evidence is admissible to explain such trade meaning, but parol evidence is not admissible to show what a party to the contract intended by the use of the. word. *Jaqua* v. *Witham & Anderson Co.* (1886), 106 Ind. 545, 7 N. E. 314. See also, *Seavey* v. *Shurick* (1887), 110 Ind. 494, 497, 11 N. E. 597.

By her contract appellee agreed that the payment for the flour should be made by honoring draft attached to the bill of lading; and under such a contract the

2. buyer has no right of inspection before payment, unless such right is given by the custom of the business. Williston, Sales §479. No such custom was shown by the evidence. On the contrary, the evidence without conflict showed the custom to have been otherwise.

Appellee has filed no brief. It has been repeatedly held by this and the Supreme Court that the fail-

3. ure of the appellee to file a brief may be taken as a confession of error.

The cause is reversed with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.