## CALIFORNIA PRUNE AND APRICOT GROWERS v. JAGGERS WHOLESALE GROCERY COMPANY.

[No. 12,230. Filed January 29, 1926. Rehearing denied May 13, 1926. Transfer denied December 22, 1926.]

1. SALES.—*Buyer has no right of inspection where contract provides for shipment with draft attached to delivery order from a "pool car," unless given by custom of the business.*—The buyer has no right of inspection where the sale contract provides that the goods are to be shipped with draft attached to bill of lading, or to delivery order from a "pool car," which is the same, in effect, unless such right is given by the custom of the business. p. 508.

2. SALES.—*Buyer not entitled to arbitration if not demanded.*— A buyer who did not at any time make a demand for arbitration or offer to arbitrate any controversy growing out of the contract was not entitled thereto. p. 509.

From Marion Superior Court (A. 25,677) ; *Theophilus J. Moll,* Judge.

Action by the California Prune and Apricot Growers against the Jaggers Wholesale Grocery Company. From a judgment for defendant, the plaintiff appeals. *Reversed.* By the court in banc.

*Edward E. Gates, Jr., Samuel M. Ralston, Edward E. Gates, Sr., Frederick VanNuys, George M. Barnard* and *Julian C. Ralston,* for appellant.

*Newberger, Simon & Davis,* for appellee.

NICHOLS, C. J.—Action in two paragraphs of complaint on two similar contracts entered into between appellant and appellee wherein appellant agreed to sell

and appellee agreed to buy certain dried fruits. The contracts provided for the shipment of certain dried fruits specified in the contract, by appellant, located in California, to appellee, located in Indianapolis, Indiana.

Pursuant to said contracts, the dried fruits were placed on board cars at the Pacific coast, and were sent forward to their destination at Indianapolis. Pursuant to the custom of the trade, and in order to obtain a carload freight rate on said goods, they were shipped in a pool car to appellant's agent in Indianapolis.

Both contracts provided that payment for the dried fruits specified therein should be made against draft with documents attached. Appellant attached its draft for the purchase price of said goods to a delivery order for such goods on their Indianapolis agent. Upon presentation of the delivery order to the Indianapolis agent, or in the warehouse in which said goods were placed, appellee could have obtained the goods.

Upon presentation of said draft to appellee for payment, it refused to pay the same, or to receive or accept the goods, and made no demand upon appellant or its agent for an inspection of the goods. Thereupon, appellant held such goods as the agent of the buyer, and, after giving due notice, sold said goods as the agent of the buyer at public auction. This action is to recover the difference between the price at which said goods were so sold and the contract price therefor, together with the expenses of such sale and freight and warehouse charges.

This appeal is from the ruling of the court sustaining the demurrer filed by appellee to the first and second paragraphs of the complaint. It was the contention of appellee in the lower court that the complaint failed to state facts sufficient to constitute a cause of action for the reasons:   (1) That appellant failed to allege that it had tendered an inspection of the goods on their ar-

rival in the city of Indianapolis, and that appellee wrongfully refused to accept said goods after being afforded an opportunity by appellant to accept them; (2) that said complaint failed to allege that the matters in dispute had been submitted to arbitration as required by the terms of the contracts attached to the complaint.

It is appellant's position, since the contracts provided that payment should be made against draft with documents attached, that the complaint need not allege that an inspection of the goods was tendered appellee; but that appellant had no right of inspection until he had paid the draft, and that the refusal to pay said draft upon presentation with the delivery order attached amounted to a refusal to accept the goods, giving the seller his right to hold and sell such goods as the agent of the buyer, and bring his action for the difference between the price so obtained and the contract price. It is further the position of appellant that the arbitration clauses of such contracts were void and not binding upon either party because they operated as an ouster of the jurisdiction of the courts.

The court having sustained appellee's demurrer to each paragraph of complaint, and appellant having declined to amend its complaint or to plead further, the court rendered judgment that appellant take nothing by its complaint, and that appellee recover its costs.

Appellant relies for reversal upon the court's ruling in sustaining appellee's demurrer to each paragraph of complaint.

It is the law, as appellee contends, that generally the purchaser of goods has a right of inspection of the goods before paying therefor, and that warranty does

1. not survive inspection and acceptance, and appellee's authorities are to that effect. But that is not the case we are here considering. Here, under the terms of the contract, the fruits were shipped with

draft attached to bill of lading, or with delivery order from a pool car, which is the same, in effect. Under such a contract, this court in *Southwestern Milling Co.* v. *Niemeier* (1921), 76 Ind. App. 278, 131 N. E. 831, has held that the buyer has no right of inspection before payment of the draft unless such right is given by the custom of the business. Appellee contends that the contract shows a custom of inspection, but we do not so interpret it. Other authorities to the same effect as the Niemeier case are *Pierson* v. *Crooks* (1889), 115 N. Y. 539, 22 N. E. 349, 12 Am. St. 831; *Ten Brock Tyre Co.* v. *Rubber Trading Co.* (1919), 186 Ky. 526, 217 S. W. 345; *Cockran* v. *Chetopa Mill, etc., Co.* (1908), 88 Ark. 343, 114 S. W. 711; *Eason Drug Co.* v. *Montgomery Showcase Co.* (1914), 186 Ala. 454, 65 So. 345; *Brown* v. *Raritan Chemical Works* (1919), 177 N. Y. Supp. 309, 188 App. Div. 578.

We give no consideration to the question of arbitration, further than to say that it is averred in the complaint that appellee did not at any time within the three full days specified in the contract after the arrival of the goods, or within three full business days after examination of the dried fruits became possible, or at any future time, make demands for arbitration, nor did appellee at any time offer to arbitrate any controversy arising out of said contract, or to enter into arbitration with appellant, and, therefore, under the terms of the contract, as averred, he was not entitled thereto.

Judgment reversed, with instructions to overrule the demurrer to each paragraph of complaint, and for further proceedings.