BUTLER UNIVERSITY *v.* WEAVER

[No. 14,301.   Filed May 5, 1932.   Rehearing denied July 27, 1932. Transfer denied June 9, 1933.]

*Johnson & Zechiel, Roscoe D. Wheat, Albert W. Funkhouser, Arthur F. Funkhouser* and *Ben J. Biederwolf,* for appellant.

*Dailey & O'Neal* and *Robert A. Efroymson,* for appellee.

WOOD, P. J.—Appellee became connected with Butler University as a teacher in September, 1910, and remained with that institution as a teacher or professor until the spring of 1927. In the fall of the year 1924, through the proper method, she applied for a leave of absence from her duties during the school year of 1925-1926, for the purpose of pursuing studies and traveling abroad. On January 22, 1925, appellant sent to appellee the following written communication:

"Butler College,
Indianapolis,
Office of the President,
January 22, 1925.

Dear Miss Weaver:

The board of directors at a meeting held yesterday afternoon arranged to grant you a leave of absence, and also Professor Ratti, for next year.

It is the policy that for the future not more than one head of a department will be allowed leave of absence during one year.

It is expected that you in return for the part pay received during your year of absence agree to return to Butler for at least two or three years.

Will you furnish me the address of Lawrence Hawkins, so that I may get in communication with him at once?

Very sincerely yours,
(Signed)        ROBERT J. ALEY."

Pursuant to same, appellee went abroad, spending about fifteen months there in study and travel, returning in time to resume her duties at the opening of the university in the fall of 1926. On May 4, 1926, while appellee was at the American School in Athens, Greece, the appellant wrote her a letter notifying her that its

board of directors had determined to place a man at the head of the Greek Department, this change to be made not later than September, 1927; that if she remained with the university for the school year 1926-1927, her salary would be $2,500, if she secured another position she could be relieved to accept it at any time, if she decided to stay during the year 1926-1927, the university would do all it could to make the year pleasant and profitable. Appellee served appellant, during the year 1926-1927 as head of the Greek Department. For this service she was fully paid. She tendered her services for the year 1927-1928 but they were refused by the appellant.

Appellee brought suit against appellant for damages, in two amended paragraphs of complaint, for alleged breach of a written contract for services, not to be performed within one year from the making thereof. The first paragraph of complaint is upon the theory that appellee and appellant entered into a written agreement for the performance of the services. The second paragraph of complaint is upon the theory that appellee and appellant entered into a verbal agreement for the services of appellee, that at the time said agreement was thus entered into, a written memorandum was made of the agreement duly signed by appellant. The letter heretofore set out is copied into each paragraph of the complaint. It is the only writing or written memorandum referred to or made a part of either paragraph of complaint, and is the sole ground for a cause of action in both of the paragraphs. Appellant filed a separate demurrer to each paragraph of amended complaint for want of facts. These were both overruled. Appellant then filed an answer of general denial to the amended complaint and a second paragraph setting up special matter. To the second paragraph of answer appellee filed a reply in general denial and a second paragraph

setting up special matter. On the issues thus formed the cause was submitted to the court for trial without a jury. Finding and judgment was rendered for appellee. Appellant's motion for a new trial was overruled. It appeals to this court, assigning as error: (1) The overruling of its demurrer to the first paragraph of amended complaint; (2) the overruling of its demurrer to the second paragraph of amended complaint; (3) the overruling of its motion for a new trial.

It is agreed between the parties to this cause that the agreement entered into between the appellant and appellee was one for the rendition of personal services by appellee to appellant, not to be performed within one year from the making thereof and that it comes within the purview of subdivision 5 of §8045, Burns 1926. So unless the letter heretofore set out is sufficient to meet the requirements of that section of the statute, then this action can not be maintained.

It is to be noted that this is an action to recover damages for breach of an alleged written contract, which in order to be valid and enforceable must meet the requirements of the section of the statute of frauds, *supra*, and is not an action for the recovery of compensation for services rendered under a written contract of personal employment, indefinite and uncertain in its terms, where the court may take into account all that was said and done in rendering such service to explain uncertainties and omissions in the contract as was the case in *Lester* v. *Hinkle* (1923), 193 Ind. 605, 141 N. E. 463, cited and relied upon by appellee.

The only memorandum to which we can look to determine the contract of the parties in the instant case is the letter. "The legal effect of a note or memorandum is left precisely the same as it was at common law," Wood, on Frauds (Banks and Brothers Ed.), §345, p. 658. It is essential therefore,

that in order to meet the requirements of the statute, that the signed memorandum must state all the terms and conditions of the contract with such certainty and definiteness, that they can be ascertained from the memorandum without resorting to parol testimony. "Parol testimony may be heard to apply the contract to its subject-matter, or to explain latent ambiguities but not to supply facts to show the existence of the contract or to supply any of its terms." *Graham* v. *Henderson, etc., Co.* (1915), 60 Ind. App. 697, 111 N. E. 332; *Stagg* v. *Compton* (1881), 81 Ind. 171; *Louisville, etc., Ry. Co.* v. *Reynolds* (1889), 118 Ind. 170, 20 N. E. 711; *Freed* v. *Mills* (1889), 120 Ind. 27, 22 N. E. 86; *Zimmerman* v. *Zehender* (1905), 164 Ind. 466, 73 N. E. 920, 3 Ann. Cas. 655; *Corydon Milling Co.* v. *Noblesville Milling Co.* (1919), 69 Ind. App. 491, 122 N. E. 362; *Goldberger* v. *Arcadia, etc., Springs Co.* (1916), 61 Ind. App. 1, 111 N. E. 316; *Roder* v. *Niles* (1916), 61 Ind. App. 4, 111 N. E. 340; *Western, etc., Co.* v. *Hartman Ingot Metal Co.* (1922), 303 Ill. 479, 135 N. E. 744; *Wagniere* v. *Dunnell* (1909), 29 R. I. 580, 73 Atl. 309. Wood on Frauds (Banks & Brothers Ed.), Sec. 384, p. 736.

"The fact of the making of a note or memorandum presupposes the existence of a prior parol contract, and while there is a distinction between the note or memorandum, and the contract itself, yet the note or memorandum being required to embody all the essential terms of the contract, excludes parol evidence as to any of the essential terms of the prior contract. The object of the statute, in requiring a note or memorandum in writing to be made, is to prevent disputes as to what the parties had agreed to and intended, and therefore the memorandum or note supersedes the prior parol agreement, and excludes all proof as to what was said

by the parties to show a mistake in the writing itself."
Wood, on Frauds, *supra*, §345, pp. 656-657.

Part performance of a contract for personal services that can not be fully performed by either party within a year does not take it out of the statute of frauds. *Wolke* v. *Fleming* (1885), 103 Ind. 105, 2 N. E. 325, 53 Am. Rep. 495; *Board* v. *Howell* (1899), 21 Ind. App. 495, 52 N. E. 769; 25 R. C. L. §61, p. 480.

The only portion of the letter relied upon to support appellee's contention that the requirements of the statute of frauds have been complied with, reads as follows: "It is expected that you in return for the part pay received during your year of absence agree to return to Butler for at least two or three years." This language as we construe it, is nothing more than the expression, on the part of appellant of anticipated conduct in the future by appellee. It does not embody the essential elements of a contract of employment which could have been made binding by an acceptance by appellee. Many of the characteristics and qualities which the authorities declare are necessary to be included in the written memorandum of contracts within this class are wanting. The letter which formed the basis of the cause of action in both the first and second paragraph of amended complaint was not sufficient to meet the requirements of the statute of frauds, *supra*, and the court erred in overruling appellant's demurrers to each paragraph of amended complaint. The conclusion that we have reached renders it unnecessary for us to consider the questions presented in the overruling of appellant's motion for a new trial.

The judgment of the lower court is reversed with instructions to sustain appellant's demurrer to each paragraph of appellee's amended complaint.